ISAAC N. TILLETT v: E. F. AYDLETT and others.

*Executors and Administrators—Petition to sell land for assets, discretionary power of court in.*

In a proceeding to sell lands for assets to pay debts of a decedent, the court has the power to decree a sale of the whole or any particular part thereof, in such manner as to size of lots, &c., as may be most advantageous to the interest of the parties and the estate. THE CODE, §1444. The discretion as to the quantity to be sold and manner of selling is not an arbitrary one, but a sound legal discretion.

SPECIAL PROCEEDING to sell land for assets, commenced before the clerk and heard on appeal at Fall Term, 1883, of PASQUOTANK Superior Court, before *Avery, J.*

The defendants appealed from the judgment of the court below.

*Messrs. Strong & Smedes* and *Battle & Mordecai,* for plaintiff.
*Messrs. Grandy & Aydlett,* for defendants.

MERRIMON, J. The plaintiff is the administrator *de bonis non* with the will annexed of Nathan Overman, and brought this proceeding to sell land of the testator to make assets to pay debts. The clerk of the superior court made a decree, directing a sale of certain parts of the real estate of the decedent. It was insisted by a party to the action, that the clerk had no

authority to designate any particular tract or part of the land to be sold, and appealed to the judge of that court. Upon appeal, the judge decided "that the clerk of the court had not the lawful right to designate any particular tract of land devised in said will, and require the administrator to sell, or restrain said administrator from selling, as set forth in the order," and remanded the case, with instructions to the clerk, to make an order granting authority to the administrator to sell all of the tracts of land described in the petition, or so much thereof as may be necessary, &c.

The appellant contends that in making this judgment, the judge erred, and we are of that opinion.

The statute (THE CODE, §1436) allows the administrator in the contingencies therein mentioned to apply to the superior court to sell the real property for the payment of the debts of the deceased debtor. It is further provided, in section 1443, that, "as soon as all proper parties are made to the proceeding, the clerk of the superior court before whom it is instituted, if the allegations in the petition are not denied or controverted, shall have power to hear the same summarily and decree a sale"; and section 1444 provides, "that the court may decree a sale of the *whole, or any specified parcel of the premises, in such manner as to size of lots,* place of sale, terms of credit and security for payment of purchase money, as may be *most advantageous* to the estate," &c.

It is manifest that the last mentioned section confers upon the court a large power of discretion, and in terms authorizes it to decree a sale of the real estate of the decedent in whole or in part, and to designate what part shall be sold. It might, and often does happen that only a part of a deceased debtor's land is required to be sold to pay his debts, and in many cases it may be advantageous to the estate and those interested in it to sell only particular parts of it. Such a discretion must be lodged somewhere, and the legislature has chosen to confer it upon the court. This discretion is not an arbitrary one; it is a sound

legal discretion, having in view the best interests of the estate and all persons interested therein. To direct a sale of the whole or any particular part or tract of land to suit the convenience of one or two of the parties interested, to the prejudice of others having a like or similar interest, would not be a sound discretion or a just exercise of the power conferred. The court should endeavor, according to its information, to subserve the best interests of the estate, and fairly the interest and convenience of all interested in it.

The clerk of the superior court, for the purpose of decreeing a sale in the case provided in section 1443, represents and is the court, and has authority to exercise the discretionary powers conferred. Indeed *the clerk* implies the court in cases like this, as well as in many other like cases. THE CODE, §132.

We are not at liberty to decide upon the propriety and expediency of the decree made by the clerk of the court in this case, or to say that a sale of the land should not be made as directed by the judge; but we think we may properly suggest that the decree should direct a sale to be made in such way as to disturb as little as practicable the will of the testator. This is enjoined by statute. THE CODE, §1430.

There is error, and the judgment and order of the judge must be reversed. Let this be certified to the superior court of Pasquotank county to the end that the court may proceed according to law.

Error.                                    Reversed.