I. N. TILLETT, Administrator, v. E. F. AYDLETT et als.

*Wills, Construction of—Sale of Land for Assets—Jurisdiction of Judge and Clerk.*

1. In the construction of a devise in the following words: "Should my wife survive my daughter Alice, and also all children born of my daughter, in such event I give to my wife and her heirs all my town property of every class. But should my daughter Alice survive my wife Margaret, and die without

leaving issue of her body begotten, in such event my said daughter shall have power to devise and bequeath after her own death, unto or upon whosoever she will, all my estate not hereinbefore devised in fee. Nevertheless should my daughter Alice have children of her body begotten, any, or any one of which survives my wife Margaret and my daughter Alice, I give and bequeath to them, or the one, as the case may be, after the death of both my wife and daughter, all my town property of every kind to them, him or her as may be, and their, or his or her heirs forever;" *It was held,* that the daughter took a life estate in the town property.

Rules for the construction of wills discussed by ASHE, J.

2. In a proceeding to sell lands for assets the Court, in its discretion, may direct the sale of any portion thereof, and the order in which the sale shall be conducted. The Code, §1444.

3. On an appeal, in special proceedings, from the ruling of the clerk upon a question of law, to the Judge, it is the duty of the latter to transmit his decision to the former with directions to proceed in conformity therewith. The Code, §255.

(The opinion in *Moore* v. *Ingram,* 91 N. C , 376, modified and corrected. *Proctor* v. *Pool,* 4 Dev., 370; *Tillett* v. *Aydlett,* 90 N. C., 551; *Brittain* v. *Mull,* 91 N. C., 498, cited and approved).

This was a SPECIAL PROCEEDING by plaintiff, as administrator *cum test. annexo* of N. Overman, deceased, upon petition to sell lands for assets, begun before the Clerk of the Superior Court of PASQUOTANK County, and heard on appeal at Spring Term, 1885, before *Shipp, Judge.*

Nathan Overman died in 1877, leaving a last will and testament. He appointed his wife, Margaret Overman, his executrix, who died in 1879, and the plaintiff then, during the same year, qualified as administrator *cum test. annexo.* Nathan Overman left only one child, the defendant A. A. Overman, who intermarried with the plaintiff and has by the plaintiff one child, the infant defendant Malvin Overman.

The plaintiff and his wife A. A. Tillett, executed a deed of trust on May the 16th, 1882, to the defendant E. F. Aydlett and Walter F. Pool, who is now dead, trustees for certain real estate as therein described, a part of the lands belonging to said N. Overman's estate, to secure debts due by them to Fields, Thayor & Co.

The following is a copy of the material portions of the will:

"I appoint my beloved, wife Margaret, executrix of this, my last will, directing her first to select from my household and kitchen furniture such articles for her own use and comfort as she may think proper and necessary, and sell the residue thereof, if any; and also all my wares, goods and merchandise, and all of my personal property. Collect all my notes and sums of money due me by account or otherwise, and rent out from year to year during her natural life, my store-house and all other of my town lots and buildings (except the dwelling house and lot where I now live), and from the sales, collections and rents as aforesaid, pay all my debts, and the balance thereof, including rents of my said houses, even unto the death of my wife, I give and bequeath unto my wife Margaret and my daughter Alice A. Overman, jointly and equally, share and share alike.

"I give and bequeath unto my wife Margaret and my daughter Alice A. Overman, and their heirs forever, jointly and equally, share and share alike, my farm in this county, near Salem, known as the Thomas Harvey farm, including all the lands I own in Bluff Point.

"I leave to the use and enjoyment of my wife during her natural life, the lot of land and buildings thereon, where I now live, also such of my household and kitchen furniture as she may find necessary for her convenience and comfort. Should my wife survive my daughter Alice, and also all children born of my daughter, in such event I give to my wife and her heirs all my town property of every class. But should my daughter Alice survive my wife Margaret, and die without leaving issue of her begotten, in such event my daughter shall have power to devise and bequeath after her own death, unto or upon whosoever she will, all my estate not hereinbefore devised in fee. Nevertheless should my daughter have children of her body begotten, any, or any one of which, survives my wife Margaret and my daughter Alice, I give and bequeath to them, or the one, as the case may be, after the death of both my wife and daughter, all my town prop-

erty of every kind to them, him or her as may be, and their, or his or her heirs forever."

In the complaint of the plaintiff, filed with the clerk, it was alleged in the first article thereof, " That Nathan Overman, late of said county, died therein in the year 1877, having made a last will and testament, by which he devised certain real estate lying in Salem Township in said county to his wife Margaret, and his daughter Alice, the defendant, as tenants in common, and having also devised certain other real estate lying in E. City to the said Alice A., the defendant, for life, with remainder to the child or children of the said Alice."

The defendants, Alice A. Tillett and Malvin Tillett, by his guardian, severally answered the complaint, and the defendants Aydlett and Pool, filed a joint answer, and each defendant in said answer admitted the truth of the first article of the complaint.

In the fourth article of the complaint it was alleged that the testator died seized of a tract of land containing 350 acres, the Harvey tract and a tract of about 175 acres lying at Bluff Point, both in Salem Township, and which were devised by the testator to his wife Margaret and his daughter Alice A., who, by the death of her mother, is the sole owner of said two tracts of land, and that he was also seized at the time of his death of a storehouse and several other lots, including the dwelling house where he resided in the town of Elizabeth City, and that all these last mentioned premises were devised by the testator to his daughter Alice A. for life, and after her death in remainder to her children. All of these allegations were admitted by the defendants Alice A., Aydlett and Pool, and not denied by the defendant Malvin, answering through his guardian *ad litem.* A reference was made by consent to state an account. The referee in his report finds, as a conclusion of law, that Alice A. Tillett was a legatee (meaning devisee) for life of the town property of N. Overman deceased. The defendant Aydlett excepted to the finding of the referee that A. A. Tillett was a devisee for life of the town property.

The clerk overruled the exception and confirmed the report of the referee declaring she was a tenant for life either by devise or inheritance. The defendant Aydlett excepted and moved the Court to sell the life estate of Alice A. Tillett in the real estate of the town property; first, to pay the indebtedness, on the ground the said Overman died intestate as to the said life-estate. The clerk refused the motion and the defendant excepted.

Thereupon the clerk rendered judgment directing the lands of the testator to be sold in a different order from that contained in the motion of the defendant Aydlett, and from said judgment the defendant Aydlett appealed to the Judge of the Superior Court, who, at Spring Term, 1885, of Pasquotank Superior Court, pronounced judgment in the case overruling the said exceptions of the defendant Aydlett, sustaining the ruling of the clerk, and after confirming his judgment proceeded to order a sale of the lands described in the complaint in different order and on different terms from those prescribed in the judgment of the clerk. From which judgment the defendant Aydlett appealed to this court.

*Messrs. Starke & Martin*, for plaintiff.
*Messrs. Grandy & Aydlett*, for defendant.

ASHE, J. (after stating the facts). A question is raised by these exceptions as to the proper construction of the will of Nathan Overman upon the point "whether A. A. Tillett took an estate in the town property of the testator by devise or by inheritance?" The defendant contended she took an estate for life in said lands by descent, and thereupon, under the statute, these lands should be first sold for the debts of the testator.

This contention makes it necessary to construe the will of Nathan Overman, not so much because it is absolutely necessary to do so in determining this case, for there is another point in it which is fatal to the defendant's appeal, but to put that question out of the way in the controversies that may arise after the sale, with respect to contribution, &c.

A. A. Tillett is the only heir of N. Overman, deceased, and it is a well known maxim of the law that an heir cannot be disinherited except by express devise or necessary implication, and that implication has been defined to be, such a strong probability that an intention to the contrary cannot be supposed. Hence it has become a settled distinction, that a devise to the testator's heir after the death of A. will confer on A. an estate for life by implication; but that under a devise to B., a stranger, after the death of A., no estate will arise to A. by implication. And the reason of this distinction is, it is absurd to suppose that the testator intended to devise real estate to his heir at the 'death of "A., and yet that the heir should have it, in the meantime, which would render the devise nugatory." Jarman on Wills. p. 465. But this is only a rule of construction adopted to effectuate what is supposed to be the will of the testator, and must yield to other rules of interpretation which more appropriately apply. For Chief Justice RUFFIN, in *Proctor* v. *Pool*, 4 Dev., 370, said "that no positive rule can be laid down for ascertaining the intention of the maker of a deed or other instrument, *but his intention is to be collected from the whole instrument taken together.*"

If the rule above quoted from Jarman should be adopted in the construction of this will, then we concede that A. A. Tillett would take an estate for life by descent, for the ulterior remaindermen are not the heirs of the testator at the time of his death, and she could take no estate for life under the will by implication. But that rule must yield when it comes in conflict with another rule which is held to be the safest guide in the interpretation of wills, which is, that the intention of the testator, when it can be indisputably ascertained, shall prevail; and the intention may be collected either from the particular provision or the general context. In other words, as said in *Proctor* v. *Pool*, the whole instrument is to be looked at, and then the inquiry made, "can it be found out from this what the party means?"

In looking at the will under consideration, it is manifest that the testator did not intend to die intestate as to any of his property, and it is no less evident, that his daughter, A. A. Tillett, was one of the main objects of his bounty.

In the first paragraph of his will he disposes of all of his personal estate; in the second, he gives the Harvey farm and the lands on Bluff Point to his wife and daughter, which upon the death of her mother she took by purchase, the one moiety by descent from her mother and the other by devise from her father.

The third paragraph gives the house and lot where he resided in town to his wife, and, in case she should survive her daughter and her children, all his town property. But should his daughter survive his wife and die without leaving issue of her body begotten, in such event his daughter should have power to devise all his estate not before devised; but should she have children at her death, then to such of them as may survive her.

We think there can be no question as to the construction of this devise to his daughter and her children.

It is evident it was the intention of the testator to give to his daughter, Alice, all his town property of every class for life, and after her death, to such of her children as might survive her— and to show that an estate for life was only intended to be given her, the testator proceeds to give her *power* to devise and bequeath all his estate not before devised in fee, in the event of her dying without leaving children. Why should he have conferred upon her such a power, if he had not intended and supposed that he had given her only a life estate in the town property? If, then, she took an estate for life by devise, as we hold she did, the clerk had the right to exercise his discretion in the order of selling the lands; for he is authorized by section 1444 of The Code, to order a sale of the whole or any specified parcel thereof that may be most advantageous to the estate. *Tillett* v. *Aydlett*, 90 N. C., 551. But, as we have intimated, there is a point taken by the defendant in this court which is fatal to the appeal.

Here, the defendant Aydlett excepted to the judgment rendered by the judge. In case of appeals like this to the judge of the district from the ruling of the clerk upon a question of law, it is the duty of the judge to transmit his decision to the clerk, that he may proceed with the case according to law. The Code, section 255; *Brittain* v. *Mull, supra;* and very clearly intimated in *Moore* v. *Ingram, Ibid.,* 378.

Our conclusion, therefore, is, that the judgment rendered in the court below by his Honor must be reversed, except so far as it overrules the exceptions of the defendant and confirms the ruling of the clerk; and the case is remanded that the clerk may proceed with the case according to law.

Before concluding we take the opportunity of correcting an inadvertence into which this Court fell in the case of *Moore* v. *Ingram, supra,* where it is said, "the Judge in term has no jurisdiction over the settlement of the intestate's estates," &c. That was a special proceeding like this, instituted before the clerk to sell land to make assets for the payment of debts, and the Judge of the Superior Court, as here, rendered a final judgment. The expression was used with reference to his powers in such a case, not adverting to the Act of 1876, The Code, §1511, which gives the right of action in the Superior Court in term against executors, &c.

Reversed in part, and remanded.