FIRST UNION NATIONAL BANK v. DONNA D. WILSON, NED DOUGLAS AND TED DOUGLAS

No. 8226DC253

(Filed 15 February 1983)

1. **Appeal and Error § 24; Rules of Civil Procedure § 55— failure to file timely answer —entry of default—failure to set forth exceptions and assignments of error on appeal**
   Where defendants failed to properly set forth their exceptions and assignments of error concerning the dismissal of their appeal, the only question before the appellate court was the propriety of a judgment of default entered against defendant, and where defendants' answer was not filed until two days after the entry of default for failure to answer in a timely fashion, the entry of default was proper.

2. **Rules of Civil Procedure § 55— entry of default—defendants properly apprised of proceedings**

> The defendants were properly apprised of the proceeding during which a default judgment against them was entered where defendants' attorney was notified of the hearing by mail; a notice of hearing was posted in the local newspaper; and where defendants waived any objections to notice by entering a general appearance at the hearing.

APPEAL by defendants from *Saunders, Judge.* Judgment entered 9 November 1981 in District Court, MECKLENBURG County. Heard in the Court of Appeals 19 January 1983.

This action concerns the default of defendant Donna Wilson on a note, said note being evidence of a debt owed on a used car loan. Defendants Ned and Ted Douglas executed an agreement to unconditionally guarantee the debt owed by Donna Wilson.

Plaintiff filed suit for recovery of the outstanding balance from the Douglases. The Douglases moved for, and were granted, an extension of time in which to file an answer, but failed to do so within the time allotted. As a result, plaintiff moved for, and was granted, an entry of default against the Douglases. Two days later, the Douglases filed an Answer, and sixty (60) days after the entry of default, they filed notice of appeal.

Plaintiff then moved for entry of a judgment of default and filed a motion to dismiss the appeal. Both motions were granted, and a judgment was entered ordering same. The Douglases appeal from that judgment to this Court.

· *Don Davis for defendant appellants.*

*Clontz & Clontz, by William Walt Pettit, for plaintiff appellee.*

BECTON, Judge.

[1] We observe first that the Douglases failed properly to set forth their exceptions and assignments of error concerning the dismissal of their appeal as required by Rule 10 of the North Carolina Rules of Appellate Procedure, and that the Clerk's entry of default was interlocutory and thus not subject to review here. *Crotts v. Pawn Shop,* 16 N.C. App. 392, 192 S.E. 2d 55 (1972), *cert. denied,* 282 N.C. 425, 192 S.E. 2d 835 (1972). Therefore, the only

First Union National Bank v. Wilson

question before us is the propriety of the judgment of default entered against the Douglases.

> When default is entered due to defendant's failure to answer, the substantive allegations raised by plaintiff's complaint are no longer in issue, and for the purposes of entry of default and default judgment are deemed admitted.

*Bell v. Martin,* 299 N.C. 715, 721, 264 S.E. 2d 101, 105 (1980), *petition for reh. denied,* 300 N.C. 380 (1980). It is undisputed that the Clerk granted plaintiff's motion for an entry of default because defendants failed to answer in a timely fashion. The Answer was not filed until two days after the entry of default. Clearly, the entry of default was proper. Rather than appeal the entry of default, defendants' remedy was a motion to set aside the default. *Bell v. Martin.* This they did not do. The trial court, therefore, properly entered the judgment of default against defendants.

[2] Defendants next argue that they were not properly apprised of the proceeding during which the default judgment was entered. We find no merit in that contention. Defendants' attorney, Ted Douglas, was notified of the hearing by mail; a notice of hearing was posted in The Mecklenburg Times, as per the rules of practice for the 26th Judicial District; and defendants waived any objections as to notice by entering a general appearance at that hearing. *Collins v. Highway Commission,* 237 N.C. 277, 74 S.E. 2d 709 (1953).

We have examined defendants' other contentions and find them to be without merit. For the foregoing reasons, the judgment of the trial court is

Affirmed.

Judges WEBB and PHILLIPS concur.