HOWARD R. WILLIAMS, BARBARA B. WILLIAMS, KENNITH P. WHICHARD, JR., AND WHICHARD INVESTMENTS, INC. v. DAVID L. JENNETTE AND ANNIE LAWRIE JENNETTE AND W. W. PRITCHETT, JR., TRUSTEE

No. 841SC1283

(Filed 15 October 1985)

1. **Clerks of Court § 1; Rules of Civil Procedure § 6— additional extension of time to file complaint—authority of clerk**

    The clerk of the trial court had statutory authority to extend the time for plaintiff to file the complaint for a period in addition to the original twenty-day extension. G.S. 1A-1, Rule 6(b); G.S. 1-7.

2. **Pleadings § 9.1; Rules of Civil Procedure § 6— time for answer expired—motion for additional time—clerk without authority to determine—erroneous entry of default by clerk**

    Once the original time for filing answer had elapsed, the clerk was without authority to grant an extension of time for filing answer; rather, the motion for an extension of time had to be decided by a judge and could be allowed only for excusable neglect. The clerk erred in entering default judgment against defendants while their motion for an extension of time to file answer was pending since the clerk, in essence, exercised the trial judge's discretion to determine the motion for an extension of time. G.S. 1A-1, Rule 6(b); G.S. 1-7.

3. **Judgments § 14; Rules of Civil Procedure § 55— default judgment after appearance by defendant**

    Once a party has made an appearance, a default judgment can be made only by a judge, not a clerk, upon three days notice. Therefore, a default judg-

ment entered by a clerk was void where defendants never received notice and had made an appearance by filing a motion for an extension of time to plead.

**4. Pleadings § 9.1— granting of additional time to file answer**

The trial judge did not err in granting defendants' motion for additional time to file answer after the original time had expired where the judge indicated that the extension was granted in his discretion and the record, taken as a whole, supports a finding of excusable neglect.

**5. Fraud § 12; Vendor and Purchaser § 6— misrepresentations in sale of undeveloped land—insufficient evidence of fraud**

Plaintiffs failed to make out a *prima facie* case for the fraudulent sale of land in its natural, undeveloped state where plaintiffs alleged that defendant sellers falsely represented that the land could be developed for residential purposes and the timber removed therefrom, but plaintiffs failed to allege that defendants inhibited plaintiffs from inspecting or inquiring about the land or that defendants had and withheld unique knowledge about the property.

APPEAL by plaintiffs from *Watts, Judge*. Orders entered[1] 2 April, 3 May and 22 August 1984 in Superior Court, CHOWAN County. Heard in the Court of Appeals 20 August 1985.

*Willis A. Talton for plaintiff appellants.*

*Pritchett, Cooke & Burch, by William W. Pritchett, Jr., for defendant appellees.*

BECTON, Judge.

In this action for fraud and misrepresentation, the plaintiffs, Howard and Barbara Williams, Kennith Whichard and Whichard Investments, Inc., alleged the following facts in their Complaint: The defendants, David and Annie Jennette, advertised for sale a 346.2 acre wooded tract along the Chowan River and Albemarle Sound. Mr. Jennette, holding himself out as an expert, represented that the land could be developed for residential purposes, showed plaintiffs a map of a proposed development, and advised plaintiffs that timber worth $75,000 could be severed and sold. The plaintiffs were taken to the property by Mr. Jennette in a boat, and the property appeared to be as represented. The plaintiffs, relying on Jennette's representations and experience, pur-

---

1. By stipulation of the parties, all orders were entered out of session as follows: 2 April 1984 in Gates County, 3 May 1984 in Perquimans County, and 22 August 1984 in Pasquotank County.

chased the property and attempted to build a road through the tract, but they were told that a road was not feasible and could not be supported because there were fourteen feet of peat on the ground. After much delay, plaintiffs finally contracted with a logging company to remove the timber, but their special equipment, designed to operate in peat, sank and had to be removed with other equipment. The representations that the land could be developed and the timber removed were false, made with the intent to deceive and induce reliance, and did in fact deceive plaintiffs who were damaged by their reliance. Plaintiffs sued for $86,890.22 in damages, the money paid by plaintiffs up to the time of suit.

Plaintiffs commenced their suit on 12 October 1983 by filing a Summons and an Application and Order Extending Time to File Complaint. Time to file the Complaint was extended to 1 November 1983, but on that date plaintiffs obtained an order from the trial court clerk extending the time to file to 21 November 1983. The Complaint was filed on 21 November. The Complaint and Summons were served on defendants Jennette on 23 November and on defendant Pritchett on 30 November 1983. Pritchett, the Jennette's attorney, assumed he had been served the same day the Jennettes had been served, and on 28 December 1983, before his thirty-day period to answer would lapse, obtained from the clerk an enlargement of time for all the defendants. On 29 December, the clerk, realizing that the thirty-day period for the Jennettes had already lapsed, rescinded the enlargement of time as to the Jennettes, *ex parte*. Thereupon, the plaintiffs dismissed the defendant Pritchett and filed with the clerk a motion for judgment by default against defendants Jennette. The clerk entered default and granted a judgment by default against the Jennettes the same day, 29 December 1983.

On 3 January 1984, the Jennettes moved the trial court to set aside the entry of default and judgment by default, and on 20 January 1984, they moved to dismiss plaintiff's action under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. On 2 April 1984, the trial court set aside the entry of default and the judgment by default and extended the Jennettes' time to answer the Complaint to 20 April 1984. On 3 May 1984, the trial court denied plaintiffs' motions to dismiss the defendants' Rule 12(b)(6) motion and to strike the Answer. On 22 August 1984, the trial court

granted defendants' motion for summary judgment, and the plaintiffs appeal.

Plaintiffs contend that the trial court erred by (1) setting aside the entry of default; (2) setting aside the judgment by default; (3) allowing defendants an extension of time to plead; and (4) granting summary judgment in favor of the defendants. Defendants assert that the plaintiffs' action abated when the plaintiffs failed to file a complaint on 1 November 1983, because the clerk exceeded his authority by extending plaintiffs' time. We disagree with all plaintiffs' and defendants' assertions and hold that summary judgment was properly granted.

I

[1]  We summarily dispose of the argument that the plaintiffs' action abated on 1 November 1983. The clerk of the trial court may extend the time for filing a complaint for twenty days upon application by the plaintiff showing the nature and purpose of the action. Rule 3, N.C. Rules Civ. Proc. (1983). The Jennettes contend that the clerk may not thereafter extend additional time to file the complaint. We disagree. Rule 6, N.C. Rules Civ. Proc. (1983) provides:

> (b) *Enlargement.*—When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, *the court* for cause shown may at any time in its discretion with or without motion or notice order the period enlarged *if request therefor is made before the expiration of the period* originally prescribed or as extended by a previous order. *Upon motion made after the expiration of the specified period, the judge* may permit the act to be done where the failure to act was the result of excusable neglect.

(Emphasis added.) The use of "court" for timely requests and "judge" for untimely motions was not inadvertent. N.C. Gen. Stat. Sec. 1-7 (1983) provides the explanation:

> In the following sections which confer jurisdiction or power, or impose duties, where the words "superior court," or "court," in reference to a superior court are used, they mean the clerk of the superior court, unless otherwise specially stated, or unless reference is made to a regular session

of the court, in which cases the judge of the court alone is meant.

Thus, the clerk had the authority by statute to extend the plaintiffs' time. The motion requesting the extension alleged good cause for an extension, and the clerk did not abuse his discretion. *See Tillett v. Aydlett*, 90 N.C. 551 (1884) (clerk has court's discretion for purposes of decreeing sale of decedent's estate for payment of debts); *see also* W. Shuford, N.C. Civ. Prac. and Proc. Sec. 6-4 (1975). Furthermore, the defendants were not "taken by surprise." *See Morris v. Dickson*, 14 N.C. App. 122, 187 S.E. 2d 409 (1972). The plaintiffs' action did not abate.

## II

Plaintiffs contend that the trial court erroneously set aside the entry of default and judgment by default and improperly extended defendants' time to file an answer. These contentions are discussed separately.

An entry of default by the clerk is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead. . . ." Rule 55(a), N.C. Rules Civ. Proc. (1983). The trial judge may set aside an entry of default for "good cause shown." *Id.* Rule 55(d). This determination of good cause is in the sound discretion of the trial judge. *Byrd v. Mortenson*, 308 N.C. 536, 302 S.E. 2d 809 (1983); *Frye v. Wiles*, 33 N.C. App. 581, 235 S.E. 2d 889 (1977). This Court will not disturb the trial court's determination absent a showing that the court abused its discretion by taking actions "manifestly unsupported by reason." *Bailey v. Gooding*, 60 N.C. App. 459, 463, 299 S.E. 2d 267, 271 (quoting *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E. 2d 58, 63 (1980) ), *disc. rev. denied*, 308 N.C. 675, 304 S.E. 2d 753 (1983).

[2]　The plaintiffs contend that the trial court did not exercise its discretion in setting aside the entry of default because it never made a "good cause" determination. That is, the trial court based its decision on the conclusion of law that the entry of default was void because the defendants' motion for extension of time was never heard by a judge. The trial judge concluded as a matter of law, "The Entry of Default is void in that the defendants had filed a Motion for Extension of Time that had not been heard by the Judge." The Order continued, "Based on the foregoing conclusions

of law, it is ordered: 1. As a matter of law and in the discretion of the Court, the Entry of Default against the Defendants Jennette is void and set aside." The trial court correctly concluded that the default entry was void. Thus, we need not decide whether the court also based its decision on a discretionary good cause determination.

The defendants in the original action were served on two separate dates, a week apart — the Jennettes on 23 November and their attorney, Pritchett, on 30 November 1983. On 28 December 1983, Pritchett, believing that all the defendants were served on the same date, filed what he assumed to be a timely motion with the clerk of the court for an extension of time to file an answer. This motion was granted the same day by the clerk under Rule 6(b), N.C. Rules of Civ. Proc. Upon realizing that the Jennettes had been served more than thirty days before 28 December, the clerk rescinded the extension of time as to the Jennettes. This was proper, because although a clerk may extend the time for pleading "for cause shown . . . if request therefor is made *before* the expiration of the period originally prescribed," only the trial judge may extend the time for pleading, when failure to plead is a result of "excusable neglect," on a motion made *after* the expiration of the prescribed period. Rule 6(b), N.C. Rules Civ. Proc.

Thus, the clerk had no authority to grant the extension as far as the Jennettes were concerned. But, the clerk did not notify the trial judge that there was pending a motion for an extension of time, nor did she notify Pritchett or the Jennettes that there was a mistake. The clerk simply entered the plaintiffs' dismissal of Pritchett and entered default and judgment by default against the Jennettes. In essence, the clerk exercised the trial court's discretion, *ex parte*, to deny the Jennettes' motion for an extension of time, which, although submitted to the clerk of the court, was implicitly addressed to the discretion of the trial court. The Jennettes should have been given the opportunity to show excusable neglect to a judge. Just as the clerk had no authority to grant the motion, she had no authority to deny the motion. The entry of default would have been proper had there been no motion for an extension of time to plead, because the Jennettes' thirty days had expired. *See First Union Nat'l Bank v. Wilson*, 60 N.C. App. 781, 300 S.E. 2d 19 (1983). While that motion was pending, however, the clerk should *not* have superseded the judge's

Williams v. Jennette

authority by entering default. "[A] default should not be entered, even though technical default is clear, if justice may be served otherwise." *Peebles v. Moore*, 302 N.C. 351, 356, 275 S.E. 2d 833, 836 (1981) (citations omitted); *cf. McDaniel v. Fordham*, 264 N.C. 62, 64, 140 S.E. 2d 736, 738 (1965) ("If the motion [to strike] was timely filed, or if allowed to be filed as a matter of discretion, the defendants were not required to answer until the motion was passed on by the judge." (Citation omitted) ). Therefore, the entry of default was void and properly set aside.

[3] The judgment by default also properly was set aside by the trial court. A clerk may enter judgment by default against a defendant only if "he has been defaulted for failure to appear . . . ." Once the entry of default was properly set aside, the default judgment was groundless. The trial court set aside the default judgment because the defendants had made an appearance in the action. Once a party has made an appearance, a judgment by default can be made only by the *judge* upon three days notice. Rule 6(b), N.C. Rules Civ. Proc.; *Roland v. W & L Motor Lines, Inc.*, 32 N.C. App. 288, 231 S.E. 2d 685 (1977); *Spartan Leasing, Inc. v. Brown*, 285 N.C. 689, 208 S.E. 2d 649 (1974). An appearance within the meaning of Rule 6(b) need not be a direct response to the complaint; there may be an appearance whenever a defendant "takes, seeks or agrees to some step in the proceedings that is beneficial to himself or detrimental to the plaintiff." *Roland*, 32 N.C. App. at 289, 231 S.E. 2d at 687 (citations omitted). In *Roland*, the defendant, after receiving a summons and complaint, wrote a letter to the plaintiff's attorney referring to the lawsuit and asserting various claims and defenses. The clerk of the court entered default and judgment by default against the defendant. This Court held that the letter constituted an appearance sufficient to bar a default judgment, and because there had been an appearance, the default judgment filed by the clerk was void. *Id.* at 291, 231 S.E. 2d at 688; *see Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 220 S.E. 2d 806 (1975), *disc. rev. denied*, 289 N.C. 619, 223 S.E. 2d 396 (1976).

We conclude that the Jennettes appeared in the action on 28 December 1983, through their attorney, by filing a motion for an extension of time to plead.[2] The default judgment was void

2. We note that in 1975, N.C. Gen. Stat. Sec. 1-75.7 was amended to exclude from "general appearance" the grant of an extension of time within which to

because the defendants had made an appearance, never received notice, and the clerk, not the judge, entered the judgment. It is not necessary to decide whether the claim was for a "sum certain" under Rule 55(b)(1).

[4]   We also find no error in the trial court's granting defendants additional time to file responsive pleadings. The standard for granting an extension after the original period has expired is one of "excusable neglect." Rule 6(b), N.C. Rules Civ. Proc. This Court will defer to the trial judge, unless it is shown that there has been an abuse of discretion. *See Norris v. West*, 35 N.C. App. 21, 239 S.E. 2d 715 (1978). Although the trial court's order does not set out the basis for a finding of excusable neglect, the judge indicated that the extension was granted in his discretion, and the record, taken as a whole, supports a finding of excusable neglect. On 29 December 1983, the Jennettes filed a new motion for an extension of time. This motion was filed one hour after the clerk had rescinded the previous extension, entered default and entered judgment by default. The Jennettes alleged in their motion: conflicting schedules, previous commitments and the inadvertent tardiness of their attorney who believed that all the defendants had been served on the same day. Implicit in the trial court's Order is the finding of excusable neglect, and we find no abuse of discretion in extending defendants' time to answer. *See Commercial Union Assurance Cos. v. Atwater Motor Co., Inc.*, 35 N.C. App. 397, 241 S.E. 2d 334 (1978) (failure to find facts to support Rule 60(b)(1) excusable neglect not error, unless previously requested by a party; presumption that judge found facts sufficient to support order); *see also Norris* (finding of excusable neglect upheld when defendant waited twenty-seven days to contact insurer, mistakenly believing he had thirty); *Byrd* (finding of excusable neglect upheld when defendant contacted insurer as soon as he learned of suit against him).

answer. This amendment simply allows a party to move for an extension of time without waiving the defenses of lack of personal jurisdiction or service of process. It is not applicable to the meaning of "appearance" in Rule 55(b)(1), except perhaps by way of contrast: since Rule 55 was not similarly amended in 1975, it is still possible to "appear" within Rule 55 by moving for an extension of time. *Cf. Webb v. James*, 46 N.C. App. 551, 556-57, 265 S.E. 2d 642, 646 (1980).

### III

**[5]** Plaintiffs' final contention is that summary judgment in favor of the defendants was improper because the plaintiffs alleged fraud with particularity and genuine issues of material fact remain for the jury. Plaintiffs, in their Complaint, allege all the elements of fraud, with particularity, except for one essential element: that the defendants inhibited the plaintiffs from inspecting or inquiring about the land. In order to make out a *prima facie* case for the fraudulent sale of land in its natural, undeveloped state, the plaintiffs must allege that they were "fraudulently induced to forbear inquiries" concerning the land:

> Representations concerning the value of real property or its condition and the adaptation to particular uses will not support an action in deceit unless the purchaser has been fraudulently induced to forbear inquiries which he would otherwise have made, and if fraud of this latter description is relied on as an additional ground of action, it must be specifically set forth in the declaration. . . .
>
> "It is generally held that one has no right to rely on representations as to the condition, quality or character of property, or its adaptability to certain uses, where the parties stand on an equal footing and have equal means of knowing the truth. The contrary is true however where the parties have not equal knowledge and he to whom the representation is made has no opportunity to examine the property or by fraud is prevented from making an examination." 12 R.C.L., 384. When the parties deal at arm's length and the purchaser has full opportunity to make inquiry but neglects to do so and the seller resorted to no artifice which was reasonably calculated to induce the purchaser to forego investigation, action in deceit will not lie.

*Harding v. Southern Loan & Ins. Co.*, 218 N.C. 129, 134-35, 10 S.E. 2d 599, 601-02 (1940) (citations omitted).

In *Harding*, the plaintiff knew that the defendant-seller was not an expert and made representations only from secondhand knowledge. In the case before us, the plaintiffs allege that they believed the defendant-seller to be an expert speaking from experience and firsthand knowledge. Nevertheless, we hold that the

plaintiff had no right to rely solely on the representations of the seller of the land in this case. A vendor of land in its natural, undeveloped state cannot fraudulently misrepresent the condition or potential uses of that land, unless the vendor induces the purchaser to forego inquiry or investigation of the land. In this case, the plaintiffs were taken to the tract of land in a boat by the defendant and were given ample opportunity to inspect, or to have independent experts inspect, the land before the purchase. The plaintiffs failed to allege that the defendants had and withheld unique knowledge about the property.

The facts, taken in the light most favorable to the plaintiffs, fail to establish a *prima facie* case for the fraudulent sale of land in its natural state. Summary judgment in favor of defendants was proper in this case.

For the reasons stated above, we

Affirm.

Judges WEBB and MARTIN concur.