RITA B. STANALAND v. MARCUS D. STANALAND

No. 8713DC710

(Filed 1 March 1988)

Appearance § 1.1; Rules of Civil Procedure § 55— meeting with plaintiff and her attorney—appearance within purview of default statute—notice of default hearing

Defendant's meeting with plaintiff and her attorney to discuss the finances of a divorce constituted an appearance in plaintiff's divorce action within the meaning of N.C.G.S. § 1A-1, Rule 55(b)(2), so that plaintiff was required to give defendant written notice of her application for a default judgment in the divorce action at least three days prior to the hearing on such application.

APPEAL by defendant from *Gore, William C., Jr., Judge.* Order entered *nunc pro tunc* 30 April 1987 in BRUNSWICK County District Court. Heard in the Court of Appeals 6 January 1988.

This appeal derives from plaintiff's action for divorce from bed and board filed 16 October 1986 against defendant. Defendant was served with the Complaint 17 October 1986. Although defendant contacted an attorney after receipt of the Complaint, he at no time served a responsive pleading on plaintiff. Because of defendant's failure to respond, plaintiff filed a Motion for Entry of Default pursuant to N.C. Gen. Stat. § 1A-1, Rule 55(b)(1) on 22 January 1987 which Motion was granted. Plaintiff subsequently moved for and was granted a Default Judgment, entered in the action 29 January 1987.

On 9 February 1987, defendant filed a Motion to Set Aside the Entry of Default and Default Judgment which Motion was heard 23 April 1987 and denied by Order dated 30 April 1987.

At the 23 April 1987 hearing, the evidence tended to show that from 16 October 1986 until 21 January 1987, although defendant desired reconciliation, he nevertheless had agreed to meet and communicate with plaintiff and/or her attorney on matters concerning the divorce. Defendant also drafted and signed a statement dated 16 January 1987 by which plaintiff agreed to suspend criminal charges then pending against defendant in exchange for his agreement to meet with plaintiff and her attorney on 20 January 1987 at the attorney's office to discuss the finances of the divorce. Defendant did attend a meeting at the attorney's office, however, one day late due to rescheduling. Although defendant was prepared to discuss finances, he refused to sign a Consent Order drafted by plaintiff's attorney which Order represented a resolution to the divorce action. When defendant refused to sign the Consent Order, plaintiff's attorney informed him that plaintiff would go forward with her case but did not mention a default proceeding. Without further notice, written or otherwise being given to defendant, plaintiff filed a Motion for Entry of Default and Default Judgment on 22 January 1987 which Motion was granted by Judgment dated 29 January 1987.

Defendant at no time made any appearances before the court nor did he file an answer to plaintiff's Complaint.

From the trial court's denial of his Motion to Set Aside the Default Judgment, defendant appeals.

*Anderson & McLamb, by Sheila K. McLamb, for plaintiff-appellee.*

*Fairley, Jess & Isenberg, by Elva L. Jess, for defendant-appellant.*

WELLS, Judge.

By his first assignment of error, defendant contends that the trial court erred when it concluded as a matter of law that defendant had made no appearance in this action. We agree with defendant.

N.C. Gen. Stat. § 1A-1, Rule 55(b)(2), "Judgment: By the Judge" provides, in pertinent part:

. . . If the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with writ-

ten notice of the application for judgment at least three days prior to the hearing on such application . . . .

It has been held that an appearance within the meaning of Rule 55(b) is not always comprised of a direct response to a complaint. *Roland v. Motor Lines*, 32 N.C. App. 288, 231 S.E. 2d 685 (1977). In some cases, an appearance may arise by implication as when "a defendant takes, seeks or agrees to some step in the proceedings that is beneficial to himself or detrimental to the plaintiff." *Roland v. Motor Lines, supra; See also Williams v. Jeannette*, 77 N.C. App. 283, 335 S.E. 2d 191 (1985).

Additionally, it has been held that negotiations for settlements or continuances whether by letter or by meeting, after the complaint is filed, constitute appearances within the meaning of Rule 55(b)(2). *N.C.N.B. v. McKee*, 63 N.C. App. 58, 303 S.E. 2d 842 (1983); *Webb v. James*, 46 N.C. App. 551, 265 S.E. 2d 642 (1980); *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 220 S.E. 2d 806 (1975), *cert. denied*, 289 N.C. 619, 223 S.E. 2d 396 (1976).

In his Judgment dated 30 April 1987, Judge Gore made the following findings of fact and conclusions of law respecting the issue of defendant's appearance in the action:

FINDINGS OF FACT

. . .

4. The Defendant engaged in negotiations with his wife, the Plaintiff and the Attorney for the Plaintiff. During these negotiations, the Defendant acted for and in his behalf.

5. After being served with the complaint and prior to the Default, the Defendant sought the advice of counsel, Mr. Michael Ramos, Attorney in Shallotte, N.C. Mr. Ramos did not agree to represent Mr. Stanaland however, Mr. Ramos did advise him that he would need to file an answer or a judgment could be obtained against him.

6. The Defendant, at no time, filed an answer or any other responsive pleading. . . .

. . .

8. That although the Defendant did engage in negotiations with his wife and the attorney for his wife, these negotiations on his part were an attempt to reconcile and to resolve the financial matters of the parties.

9. On the occasions that the Defendant went to the office of the Plaintiff's attorney, Mrs. McLamb advised him that she would proceed with the action against him and would bring the matter to court for a hearing if the parties did not settle all issues before trial.

10. The Defendant made no appearance pro se or by counsel nor did he file any pleadings in this action.

· · ·

CONCLUSIONS OF LAW

· · ·

2. The Defendant made no appearance in this action prior to the Default Judgment therefore notice was not required as set for [sic] in North Carolina Rules of Civil Procedure Rule 55.

· · ·

While the testimony given at the 23 April 1987 hearing supports Judge Gore's findings of fact, we nonetheless disagree with his analysis and application of the law giving rise to Conclusion of Law No. 2. We believe that defendant's meeting with plaintiff and her attorney was sufficient to constitute an appearance within the meaning of Rule 55(b)(2).

Although the evidence tends to show that defendant was, at best, an unwilling negotiator with respect to the consent order and discussions respecting the parties' divorce, his meeting with plaintiff and her attorney on 21 January 1987 at least met the *Roland* test in that defendant agreed to a "step" (to discuss finances and the divorce) in the proceeding which was beneficial to himself (i.e., to suspend the criminal proceedings against him). We therefore hold that defendant's agreement to meet with plaintiff and her attorney, although one day late, was sufficient to constitute an appearance within the meaning of Rule 55(b)(2).

Defendant correctly contends that the Default Judgment should be vacated because plaintiff failed to provide the three days' notice of the default hearing required by Rule 55(b)(2). *Miller v. Belk*, 18 N.C. App. 70, 196 S.E. 2d 44, *cert. denied*, 283 N.C. 665, 197 S.E. 2d 874 (1973). As we have already held that defendant had made an appearance in the plaintiff's action for the purposes of Rule 55, it follows that plaintiff was required to provide the three days' notice.

The facts gleaned from the Record indicate that on 26 January 1987 plaintiff made a calendar request for the default hearing to be held 28 January 1987. Neither the request nor calendar was served on defendant.

Although plaintiff claims to have warned defendant during the 21 January 1987 meeting that she would go forward with her case, such did not comprise the written notice required by Rule 55(b)(2). Plaintiff having failed to comply with the notice requirements of Rule 55(b)(2), forces us to vacate the Default Judgment rendered below.

Judgment vacated.

Judges ARNOLD and SMITH concur.