HOWARD, STALLINGS, FROM & HUTSON, P.A. v. DOUGLAS

[143 N.C. App. 122 (2001)]

HOWARD, STALLINGS, FROM & HUTSON, P.A., Plaintiff v.
FRANK DOUGLAS, Defendant

No. COA00-462

(Filed 17 April 2001)

**Judgments— default—appearance—letter by counsel**

The trial court erred by failing to set aside an entry of default and default judgment where plaintiff filed a complaint against defendant for unpaid legal fees on 10 November 1999; summons was issued but returned unserved; defendant's attorney submitted a letter to plaintiff regarding the fee dispute on 17 November; an alias and pluries summons was issued and defendant received service on 30 November; and the clerk entered default and default judgment on 4 January. Defendant's letter constituted an appearance for purposes of N.C.G.S. § 1A-1, Rule 55(b)(2)(a) which entitled him to 3 days' notice before entry of default judgment. There is no requirement that defendant be aware of the complaint or the action, only that the appearance be made after the complaint is filed.

Judge TIMMONS-GOODSON dissenting.

Appeal by defendant from order filed 2 March 2000 by Judge Paul G. Gessner in Wake County District Court. Heard in the Court of Appeals 30 January 2001.

*Howard, Stallings, From & Hutson, P.A., by E. Cader Howard and Christopher K. Behm, for plaintiff-appellee.*

*Rudolf Maher Widenhouse & Fialko, by Thomas K. Maher, for defendant-appellant.*

GREENE, Judge.

Frank Douglas (Defendant) appeals a 2 March 2000 order in favor of Howard, Stallings, From & Hutson, P.A. (Plaintiff) denying Defendant's motion to set aside entry of default and entry of default judgment.

Plaintiff filed a complaint against Defendant on 10 November 1999 alleging Defendant owed Plaintiff $51,274.26 for unpaid legal services and expenses. On 10 November 1999, a summons was issued informing Defendant a suit had been initiated against him, however,

the summons was returned unserved. On 17 November 1999, Thomas K. Maher (Maher), Defendant's attorney, submitted a letter (the letter) to Plaintiff regarding the fee disputes between Plaintiff and Defendant. The letter stated that "the most equitable resolution is that both parties consider the matter closed, and that neither side initiate litigation or pursue claims for damages or fees." On 29 November 1999, "an Alias and Pluries Summons was issued, and Defendant received and accepted the Alias and Pluries Summons and Complaint via Certified Mail" on 30 November 1999.

In December 1999, Defendant met with Maher and presented him with Plaintiff's complaint, but failed to inform Maher of the date upon which he was served with the complaint. On 4 January 2000, the period for Defendant to respond to Plaintiff's complaint expired. Defendant had neither sought nor obtained an extension of time to file an answer. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 55, Plaintiff moved for an entry of default and an entry of default judgment against Defendant. On 4 January 2000, the Clerk of Wake County Superior Court granted Plaintiff's motion and entered default and default judgment against Defendant. Defendant filed his answer and counterclaim to Plaintiff's complaint on 10 January 2000.

On 7 January 2000, Defendant filed a motion to set aside entry of default and entry of default judgment. In his motion, Defendant argued:

1. [Maher] received a copy of the complaint in December 1999. [Maher] prepared an answer and counterclaim and filed same by mail on January 7, 2000. Prior to filing an answer, but after the suit was filed, [D]efendant communicated with . . . [Plaintiff] by letter. Such communication constitutes an appearance and requires that [P]laintiff provide notice to [D]efendant before default is entered. Notice was not provided. . . .

After a hearing on Defendant's motion, the trial court denied Defendant's motion and concluded:

The . . . letter from Defendant's counsel was not responsive to . . . Plaintiff's Complaint, because Defendant was not served with . . . Plaintiff's Complaint and Alias and Pluries Summons until November 30, 1999. Because the . . . letter was not written in response to . . . Plaintiff's Complaint, it cannot constitute an "appearance" sufficient to trigger the notice requirement of Rule 55(b)(2) of the North Carolina Rules of Civil Procedure. Since

HOWARD, STALLINGS, FROM & HUTSON, P.A. v. DOUGLAS

[143 N.C. App. 122 (2001)]

there is no other evidence of an "appearance" by Defendant's counsel, Defendant was not entitled to three (3) days notice under North Carolina Rule of Civil Procedure Rule 55(b)(2) prior to the clerk's entry of default and entry of default judgment.

The dispositive issue is whether the letter, sent after Plaintiff filed its complaint but prior to service of the complaint, constitutes an appearance.

Defendant argues the letter constitutes an appearance for purposes of N.C. Gen. Stat. § 1A-1, Rule 55(b)(2), thus, entitling him to notice prior to entry of default judgment.[1] We agree.

A party, against whom default judgment is sought, is entitled to "be served with written notice of the application for judgment at least three days prior to the hearing on such application" if that party has appeared in the action. N.C.G.S. § 1A-1, Rule 55(b)(2)(a) (1999). An appearance "need not be a direct response to the complaint; there may be an appearance whenever a defendant 'takes, seeks or agrees to some step in the proceedings that is beneficial to himself or detrimental to the plaintiff.' " *Williams v. Jennette*, 77 N.C. App. 283, 289, 335 S.E.2d 191, 195 (1985) (quoting *Roland v. W & L Motor Lines, Inc.*, 32 N.C. App. 288, 289, 231 S.E.2d 685, 687 (1977)). "Additionally, it has been held that negotiations for settlements or continuances[,] whether by letter or by meeting, after the complaint is filed, constitute appearances within the meaning of Rule 55(b)(2)." *Stanaland v. Stanaland*, 89 N.C. App. 111, 113, 365 S.E.2d 170, 171 (1988) (citing *N.C.N.B. v. McKee*, 63 N.C. App. 58, 303 S.E.2d 842 (1983); *Webb v. James*, 46 N.C. App. 551, 265 S.E.2d 642 (1980); *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 220 S.E.2d 806 (1975), *disc. review denied*, 289 N.C. 619, 223 S.E.2d 396 (1976)). An appearance in an action, however, cannot be made "prior to" the filing of a complaint. *See Highfill v. Williamson*, 19 N.C. App. 523, 532, 199 S.E.2d 469, 474 (1973) (appearance cannot be made "prior to the institution of [an] action").[2]

In this case, Defendant failed to file an answer within 30 days from the date of service; however, Defendant sent his letter to

---

1. In his brief to this court, Defendant argues the trial court erred in finding Defendant was not entitled to notice prior to entry of default. Rule 55(a), providing for entry of default, however, does not require notice be given to the non-moving party prior to the entry of default.

2. An action is instituted or commenced "by filing a complaint with the [trial] court." N.C.G.S. § 1A-1, Rule 3(a) (1999).

Plaintiff after Plaintiff's complaint had been filed, but prior to service of the complaint. Defendant was seeking to prevent Plaintiff from pursuing its claims for damages and fees, and instead, consider the matter closed. In this regard, Defendant's letter constituted a "step" in the proceedings (negotiations with Plaintiff not to pursue its claim) which would have been beneficial to Defendant. Although the complaint had not been served on Defendant, there is no requirement that Defendant be aware of either the complaint or of Plaintiff's action against him, only that the appearance be made after the complaint is filed. Accordingly, once Defendant sent his letter to Plaintiff, he made an appearance for purposes of N.C. Gen. Stat. § 1A-1, Rule 55(b)(2)(a), and, thus, was entitled to three days notice before entry of default judgment. The trial court, therefore, erred in failing to set aside the order of the clerk of Wake County Superior Court entering default judgment against Defendant without the proper notice to Defendant.[3]

Reversed and remanded.

Judge TYSON concurs.

Judge TIMMONS-GOODSON dissents.

TIMMONS-GOODSON, Judge, dissenting.

I agree with the majority today that "[t]he dispositive issue is whether the letter, sent after Plaintiff filed its complaint but prior to service of the complaint, constitutes an appearance." Disagreeing with the conclusion of the majority that the letter constitutes an appearance, however, I respectfully dissent.

An "appearance" is defined as a "coming into court as party to a suit, either in person or by attorney, whether as plaintiff or defendant[;] [t]he formal proceeding by which a defendant submits himself to the jurisdiction of the court[;] [and t]he voluntary submission to a court's jurisdiction." *Black's Law Dictionary* 89 (5th ed. 1979). In the context of North Carolina's default statute, N.C. Gen. Stat. § 1A-1,

---

3. In order to set aside an entry of default a party must show "good cause." N.C.G.S. § 1A-1, Rule 55(d) (1999). In his brief to this Court, Defendant, however, presents no argument in support of "good cause" to set aside the entry of default. Defendant's assignment of error concerning the trial court's denial to set aside entry of default is, therefore, deemed abandoned and we do not address this issue. *See* N.C.R. App. P. Rule 28(b)(5).

Rule 55(b)(2)(a) (1999), the meaning of "appearance" has been somewhat broadened.

> As a general rule, an 'appearance' in an action involves some presentation or submission to the court. . . . However, it has been stated that a defendant does not have to respond directly to a complaint in order for his actions to constitute an appearance. . . . In fact, an appearance may arise by implication when a defendant takes, seeks, or agrees to some step in the proceedings that is beneficial to himself or detrimental to the plaintiff.

*Roland v. Motor Lines,* 32 N.C. App 288, 289, 231 S.E.2d 685, 687 (1977).

In looking at the abovementioned conclusions of *Roland*, the facts of the case must be considered. In *Roland*, the defendant, after summons and complaint had been received, sent a letter to the plaintiff's attorney and to the clerk of court, specifically mentioning the complaint and the file number, referencing the lease agreement involved in the case, and outlining various other aspects specifically related to the pending case. While this did not constitute an answer to the complaint, the Court held the letter to be an appearance sufficient to bar a default judgment without the requisite three days' notice.

The facts of the case at bar must be distinguished from the facts of *Roland*. Here, defendant's attorney sent a letter to plaintiff's attorney before he received a summons or complaint. The letter did not mention the case, as, presumably, the defendant did not have knowledge that there was a case pending. In fact the letter, a portion of which the parties agree reads, "the most equitable resolution is that both parties consider the matter closed and that neither side initiate litigation or pursue claims for damages or fees," is more clearly interpreted as posturing by a party that knows nothing of litigation having been initiated, not as "some step in the proceedings." *Id.*

The other two cases that the majority relies on also have factual scenarios that caution against the conclusion reached today by the majority. In quoting *Roland*, the case of *Williams v. Jennette*, 77 N.C. App. 283, 335 S.E.2d 191 (1985), is also cited by the majority to stand for the proposition that to make an appearance, one does not necessarily need to directly respond to the complaint; it may be sufficient where a defendant "takes, seeks, or agrees to some step in the proceedings." *Id.* at 289, 335 S.E.2d at 195. Again, the factual context is important. In *Williams*, it was *after* the filing of a complaint and *after*

the receipt of the summons and complaint, that the defendant filed a motion for an extension of time to plead. As filing a motion for an extension of time to plead involves "some step in the proceedings," indeed it involves submission to the Court's authority and recognition of a pending case, the Court ruled this an appearance. *Id.*

The final case relied on by the majority further fleshes out what is considered an appearance for purposes of N.C.G.S. § 1A-1, Rule 55(b)(2)(a), and it does not support the conclusion of the majority. In *Stanaland v. Stanaland*, 89 N.C. App. 111, 365 S.E.2d 170 (1988), the defendant, after being served but without making a responsive pleading, agreed to attend meetings with the plaintiff and the plaintiff's attorney in order to discuss issues pertinent to the pending case. The Court ruled this also to be an appearance as it constituted a "step in the proceedings." *Williams*, 77 N.C. App. at 289, 335 S.E.2d at 195.

No case cited by the majority has found an appearance to have been made by a defendant before the receipt of a summons. While it has been clearly held that an appearance *cannot* be made "prior to the institution of [an] action," *Highfill v. Williamson*, 19 N.C. App. 523, 532, 199 S.E.2d 469, 474 (1973), there is no precedent for holding that an appearance can be made prior to a defendant's knowledge that an action has been initiated, or even prior to an actual receipt of summons or complaint. It is my contention in dissenting today that the holding that an appearance cannot be made "prior to the institution of [an] action," *id.*, has been improperly collapsed into the notion that any communication after the initiation of an action is an appearance.[4]

A letter, of course, by itself, can be sufficient to constitute an appearance, but where the letter merely mentions that "the most equi-

---

4. It should be noted that until 1967, former North Carolina General Statutes section 1-14 and 1-88 combined to identify the commencement of an action as the date of the issuance of the summons. N.C.G.S. § 1A-1, Rule 3 official commentary (1999). The General Statutes Commission altered the commencement of action statute in order to comport with the parallel federal rule, in order to "take away the special consideration then accorded out-of-state defendants," and in order to "remove a potential trap for an unwary plaintiff in a North Carolina federal court." *Id.* Previous to 1967, it had been held that a defendant is not compelled to plead until the complaint is served on him, and no default judgment may be had until the complaint is served. *Braswell v. R.R.*, 233 N.C. 640, 65 S.E.2d 226 (1951). Today, North Carolina General Statutes section 1A-1, Rule 3(a) provides for circumstances in which an action is considered commenced by the issuance of a summons, and within the context of those circumstances, it has been specifically ruled that the defendant still need not plead until the complaint is served. *Hasty v. Carpenter*, 40 N.C. App. 261, 252 S.E.2d 274 (1979).

table resolution is that both parties consider the matter closed and that neither side initiate litigation or pursue claims for damages or fees," there is no reason to believe that any indication has been made that the attorney is representing the client in the action or that the defendant is aware that there is an action. *Roland*, after all, held that an appearance need not be a *direct* response to the complaint, but it did not hold that it need not be a response to the complaint at all. *Roland*, 32 N.C. App. 288, 231 S.E.2d 685. *Roland* also held that there may be an appearance when a defendant "takes, seeks, or agrees to some step in the *proceedings*," but it did not hold that there may be an appearance when a defendant takes, seeks or agrees to some step in the *disagreement. Id.* (emphasis added). It should follow that a response to a complaint, even if not direct, requires some knowledge of a complaint, and that a "step in the proceedings," which is tautologically more than a mere disagreement, requires some knowledge of the existence of a proceeding in which one might take a step.

In formulating this dissent, I note that neither the record nor either of the briefs contains a copy of the letter at issue in this case. The quote from the letter and the idea that the disputed attorney's fees were unreasonably high are the only information about the letter contained in the record and the parties' briefs. From this information, I am not able to conclude that the letter constitutes an appearance.

Because I believe that the trial court properly denied defendant's motion to set aside the order of default judgment, it cannot be said that the court abused its discretion. I would affirm the trial court's order.