PROGRESSIVE LIGHTING, INC. v. HISTORIC DESIGNS, INC.

[156 N.C. App. 695 (2003)]

———————————

PROGRESSIVE LIGHTING, INC., PLAINTIFF v. HISTORIC DESIGNS, INC., DEFENDANT

No. COA02-705

(Filed 18 March 2003)

**Appeal and Error— appeal from superior court clerk—to trial court before Court of Appeals**

An appeal from a default judgment by a superior court clerk directly to the Court of Appeals was dismissed; appeal from an order or judgment by the clerk of superior court in a civil action is to the appropriate division of the trial court.

Appeal by defendant from judgment entered 12 March 2002 by the Clerk of Superior Court of Cabarrus County. Heard in the Court of Appeals 17 February 2003.

*Helms, Henderson & Associates, by Christian R. Troy, for plaintiff-appellee.*

*Ferguson and Scarbrough, P.A., by James E. Scarbrough, for defendant-appellant.*

MARTIN, Judge.

Plaintiff filed a complaint seeking to recover a sum certain plus interest due on a statement of account for goods sold to defendant. Defendant, a North Carolina corporation, filed an answer, appearing *pro se* through its corporate secretary, who is not an attorney. Plaintiff moved to strike the answer as being in violation of G.S. § 84-5 and to enter a default judgment against defendant. On 23 July 2001, the district court granted the motion to strike the defendant's answer, but denied the motion for default judgment; defendant was given thirty days within which "to file an answer through an attorney." Upon defendant's failure to file an answer, default judgment in favor of plaintiff was entered by the clerk of superior court on 12 March 2002. Defendant gave notice of appeal to this Court from the default judgment entered by the clerk.

Assigning error both to the entry of the order striking its answer and to the entry of default judgment, defendant seeks to present the issue of whether, in North Carolina, a corporation may represent itself *pro se* through its corporate officers.[1] However, defendant has no right of direct appeal to this Court from the default judgment entered by the clerk of superior court. Appeal from an order or judgment of the clerk of superior court entered in a civil action is to the appropriate division of the trial court. N.C. Gen. Stat. § 1-301.1. Therefore, this Court has no jurisdiction and the appeal must be dismissed.

Appeal dismissed.

Chief Judge EAGLES and Judge GEER concur.

---

1. The issue has been answered adversely to defendant in *LexisNexis v. Travishan Corp.*, 155 N.C. App. 205, 573 S.E.2d 547 (2002).