GLENN K. GOLMON AND INGE K. GOLMON, PLAINTIFFS v. PHILLIP PAUL LATHAM AND AAA MOVING & STORAGE, DEFENDANTS

No. COA06-471

(Filed 1 May 2007)

**Appeal and Error— preservation of issues—default judgment—failure to seek relief at trial**

Defendants are precluded from attacking a default judgment on appeal where they failed to first seek relief from the default judgment at trial under N.C.G.S. § 1A-1, Rules 55(d) or 60(b).

Appeal by defendants from judgment entered 7 September 2005 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 16 April 2007.

*Steven M. Fisher for plaintiffs-appellees.*

*Mills & Economos, L.L.P., by Larry C. Economos, for defendants-appellants.*

GEER, Judge.

Defendants Phillip Paul Latham and AAA Moving & Storage appeal from the superior court's entry of default judgment in favor of plaintiffs Glenn K. Golmon and Inge K. Golmon. Because defendants failed to first seek relief from the default judgment at the trial level, they are precluded from attacking it on appeal. Accordingly, we affirm.

<u>Facts</u>

On 25 October 2004, plaintiffs filed a complaint alleging, among other things, that they entered into a contract with defendants for the storage and moving of various household furnishings. Plaintiffs alleged that when the items were returned to plaintiffs several weeks later, numerous items were either missing or damaged. Plaintiffs' complaint sought damages for negligence, breach of contract, and unfair and deceptive trade practices.

Defendants did not answer the complaint or otherwise defend the lawsuit. Plaintiffs moved for entry of default on 26 July 2005, and the Pitt County Clerk of Superior Court entered default pursuant to Rule 55(a) of the Rules of Civil Procedure on the same day. On 7 September 2005, Judge W. Russell Duke, Jr. entered a default judgment

against defendants in the amount of $13,606.84, *nunc pro tunc* 22 August 2005. Defendants appealed from that judgment to this Court.

## Discussion

Defendants argue on appeal that the entry of default by the Clerk of Court and the default judgment entered by the trial court violated defendants' due process rights because defendants were not served with the motion for entry of default, the motion for default judgment, or notice of the hearings on the respective motions. The record, however, indicates that defendants did not move in the trial court to set aside the default judgment pursuant to Rule 55(d) or Rule 60(b) of the North Carolina Rules of Civil Procedure.

This Court has previously held, with respect to a default judgment, that "[f]ailure to attack the judgment at the trial court level precludes such an attack on appeal." *Univ. of N.C. v. Shoemate*, 113 N.C. App. 205, 216, 437 S.E.2d 892, 898, *disc. review denied*, 336 N.C. 615, 447 S.E.2d 413 (1994). *See also Gibby v. Lindsey*, 149 N.C. App. 470, 472 n.1, 560 S.E.2d 589, 591 n.1 (2002) (holding that because defendant did not move to set aside entry of default in trial court, "we do not review whether entry of default was proper"). The requirement that a party first seek relief from a default judgment in the trial is in accord with the rule followed in the majority of jurisdictions. *See, e.g., Consorzio Del Prosciutto Di Parma v. Domain Name Clearing Co.*, 346 F.3d 1193, 1195 (9th Cir. 2003) (holding that party may not appeal after entry of default judgment and raise issue of sufficiency of service without having first moved in district court under either Rule 55(c) or Rule 60(b) of Federal Rules of Civil Procedure); *Maust v. Estate of Bair*, 859 N.E.2d 779, 783 (Ind. Ct. App. 2007) ("[The defendant's] attempt to appeal the grant of the Plaintiffs' motions for default judgment is improperly before us because he failed to first file a motion to set aside the default judgment under Indiana Trial Rule 60(B) following the trial court's order granting the Plaintiffs' motions for default judgment."); *Levy v. Blue Cross & Blue Shield of Greater N.Y.*, 124 A.D.2d 900, 901, 508 N.Y.S.2d 660, 661 (1986) ("Initially, we note that a party against whom a default judgment has been entered cannot take an immediate appeal to this court. The proper procedure is to first move to vacate the default judgment." (internal citations omitted)); *Winesett v. Winesett*, 287 S.C. 332, 334, 338 S.E.2d 340, 341 (1985) ("[A] default judgment may not be appealed to this Court. The proper procedure for challenging a default judgment is to move the trial court to set aside the judgment pursuant to Rule 60(b), SCRCP. An appeal may then be taken from the denial of this motion.").

IN RE M.C.

[183 N.C. App. 152 (2007)]

Defendants should have first filed a motion pursuant to N.C.R. Civ. P. 55(d) or 60(b). They would then have been able to appeal to this Court from any denial of that motion. Because defendants failed to follow this procedure, we are precluded from reviewing the issues they raise.

Affirmed.

Judges WYNN and ELMORE concur.