E.B. HARRIS, INC., Plaintiff-Appellee,
v.
JAMES T. WIGGINS, JR., Defendant-Appellant.
No. COA09-169.
Court of Appeals of North Carolina.
Filed April 20, 2010.
Banzet, Thompson & Styers, PLLC, by Lewis A. Thompson, III, for Plaintiff-Appellee.
Haithcock, Barfield, Hulse & Kinsey, PLLC, by Glenn A. Barfield, for Defendant-Appellant.

UNPUBLISHED OPINION
McGEE, Judge.
E.B. Harris, Inc. (Plaintiff) filed a complaint for money owed against James T. Wiggins, Jr. (Defendant) on 28 February 2007. A summons was issued on 28 February 2007 and served on Defendant on 5 March 2007. Defendant, through Attorney Dal F. Wooten (Attorney Wooten), filed a motion for extension of time to serve answer or other pleading on 7 March 2007. The Warren County Clerk of Superior Court granted Defendant's motion and extended the time for Defendant to answer or otherwise plead through 4 May 2007.
Plaintiff filed a "Motion And Affidavit For Default" on 10 May 2007, requesting entry of "the default of the Defendants herein and judgment as prayed for in the Complaint." The clerk of court filed an "Entry of Default and Default Judgment" on 10 May 2007, awarding Plaintiff the sum of $33,000.00. In the judgment, the clerk found that "no answer, motion or pleading of any kind has been filed by. . . Defendant[.]. . . An extension of time to file pleadings was granted to . . . Defendant[.]"
Defendant contends he first learned of the entry of default and the default judgment against him in October 2007 when he was served with a Notice of Right to Have Exemptions Designated. Through Attorney Glenn Barfield (Attorney Barfield), Defendant filed a motion to set aside entry of default and default judgment, as well as a motion to stay execution on judgment, on 18 October 2007. Attorney Wooten filed a motion to withdraw as attorney of record for Defendant on 8 November 2007, and his motion was granted in an order filed 24 March 2008.
Defendant's motions to set aside entry of default and default judgment and to stay execution were heard by the trial court on 8 December 2008. In an order entered 12 December 2008, the trial court noted that, on the morning of the hearing, Attorney Barfield contacted the deputy clerk of superior court and "requested that the [c]lerk advise the [c]ourt that he would not be present and requested that the [c]ourt proceed with the hearing of the matter."
In its order, the trial court found that Defendant had not filed an answer, affidavit, or other responsive pleading. The trial court also stated in its findings of fact that "[u]pon inquiry by the [c]ourt, the Plaintiff's attorney advised the [c]ourt that the Plaintiff ha[d] sought to mitigate his damages by the re-sale of the equipment, which [was] the subject of this litigation, and that the Plaintiff has received, as net proceeds from the sale of the equipment $21,698.50." The trial court ordered the following:
1. The Defendant's Motion to Set Aside the entry of Default is denied[.]
2. The Plaintiff is entitled to a Judgment against the Defendant in the amount of $11,301.50 together with cost[s] and interest from May 10, 2007.
3. The Defendant's Motion to Stay Execution is denied.
Defendant filed notice of appeal on 6 January 2009, appealing the trial court's order entered 12 December 2008, and the entry of default and default judgment entered by the clerk of court on 10 May 2007.

I.

Motion to Dismiss Defendant's Appeal From 10 May 2007 Entry of Default
Plaintiff filed a motion with this Court on 17 April 2009 to dismiss Defendant's appeal from the 10 May 2007 entry of default and default judgment, arguing that Defendant failed to timely file his notice of appeal.
We first note that our Court has held that
[a] defendant has no right of direct appeal to this Court from the default judgment entered by the clerk of superior court. Appeal from an order or judgment of the clerk of superior court entered in a civil action is to the appropriate division of the trial court. Therefore, this Court has no jurisdiction and the appeal must be dismissed.
Progressive Lighting, Inc. v. Historic Designs, Inc., 156 N.C. App. 695, 696, 577 S.E.2d 654, 655 (2003); see also N.C. Gen. Stat. § 1-301.1 (2010); Golmon v. Latham, 183 N.C. App. 150, 151, 643 S.E.2d 625, 626 (2007). As provided in N.C.G.S. § 1-301.1, because an appeal from a judgment of the clerk of superior court is to the appropriate division of the trial court, our Court has no jurisdiction to consider Defendant's appeal from the 10 May 2007 judgment. Id. Therefore, Defendant's appeal from the 10 May 2007 judgment is dismissed.

II.

Defendant's Motion to Set Aside Entry of Default and Default Judgment

A. Denial of Defendant's Motion to Set Aside Entry of Default
An entry of default may be set aside for "`good cause shown.'" Williams v. Jennette, 77 N.C. App. 283, 287, 335 S.E.2d 191, 194 (1985) (quoting N.C. Gen. Stat. § 1A-1, Rule 55(d)(1983)). A trial court's determination of a motion to set aside a judgment for good cause will not be disturbed absent a clear abuse of its discretion. Id. We will not overturn a trial court's decision on a motion to set aside a judgment unless the appellant shows that the decision was "manifestly unsupported by reason." Id. (internal citation omitted).
We first review the trial court's denial of Defendant's motion to set aside entry of default.
When a party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by these rules or by statute and that fact is made to appear by affidavit, motion of attorney for the plaintiff, or otherwise, the clerk shall enter his default.
N.C. Gen. Stat. § 1A-1, Rule 55(a) (2010). Our Court has held that an entry of default is distinguishable from a default judgment and is merely a "ministerial duty." Miller v. Miller, 24 N.C. App. 319, 320-21, 210 S.E.2d 438, 439 (1974). An entry of default by a clerk requires "only that the Clerk ascertain that the party against whom a judgment for affirmative relief is sought has failed to plead." Beard v. Pembaur, 68 N.C. App. 52, 54, 313 S.E.2d 853, 854 (1984) (emphasis in the original).
Defendant's motion to set aside the clerk's entry of default stated:
12. Pursuant to Rule 55(a) and (d), the [c]ourt should set aside the entry of default for good cause, as follows:
a. Default was entered after the appearance of counsel and without notice to defense counsel.
b. . . . Defendant has a meritorious defense to the action in that after entering the bid alleged in the Complaint, . . . Defendant discovered a serious latent and purposely concealed defect in the auctioned item, and timely communicated to . . . Plaintiff or its agent his withdrawal of his bid.
c. . . . Defendant never took possession of the equipment. . . . Plaintiff resold the item described in the Complaint without giving Defendant any credit therefore, and without compliance with the UCC.
d. There was thus no consideration to Defendant, and Plaintiff thereby accepted the withdrawal of the bid and waived any claim against. . . Defendant.
e. There will be no prejudice to. . . Plaintiff in setting aside the entry of default and allowing. . . Defendant to answer, and the merits of the action will be thereby reached.
The trial court reviewed "the file, arguments of counsel for. . . Plaintiff and the introduction of evidence by. . . Plaintiff," and entered its order denying Defendant's motion to set aside entry of default. The trial court made the following pertinent findings of fact concerning the entry of default:
1. This matter commenced with the filing of a Complaint for money owed on February 28, 2007.
2. The Summons and Complaint were served on. . . Defendant on March 5, 2007.
3. Attorney Dal F. Wooten on behalf of. . . Defendant filed a Motion for an Extension of Time to file an Answer on March 8, 2007.
4. An Order extending time to answer was entered granting . . . Defendant until May 4, 2007 to file an answer.
5. Dal F. Wooten filed a Motion to be allowed to withdraw as attorney for. . . Defendant and [an] Order was entered allowing him to withdraw.
6. No Answer, Affidavit or other verified pleading has been filed with the [c]ourt by . . . Defendant.
7. No testimony or sworn Affidavit was presented at the hearing of this matter by . . . Defendant.
In Howell v. Haliburton, 22 N.C. App 40, 205 S.E.2d 617 (1974), our Court affirmed the trial court's order denying the defendant's motion to set aside an entry of default on the following facts: (1) the summons and complaint were served upon the appropriate representative of the defendant corporation on 28 August 1972; (2) no officer or employee of the defendant corporation acted in any way with respect to the matter until they received a letter dated 3 May 1973, which informed them of a 16 November 1972 entry of default; and (3) the defendant corporation obtained local counsel on 28 or 29 June 1973 to respond to the proceedings. Id. at 42, 205 S.E.2d at 618. We noted that
[t]hese facts, which were substantially reflected in the trial court's findings of fact, do not compel a conclusion that appellant demonstrated good cause to have the entry of default set aside. [The defendant corporation], after transmitting [the] plaintiffs' complaint and summons to [its liability insurer] on the day of service, paid no further attention to the lawsuit until more than eight months later.
Id., 205 S.E.2d at 618-19. We held that "[s]uch continued inattention" distinguished the defendant corporation's case from case law supporting the defendant's contention that entry of default should be set aside for good cause shown. Id., 205 S.E.2d at 619. Further, we observed that
[w]hen the trial court exercises its discretion in considering a motion to set aside an entry of default, it is entirely proper for the court to give consideration to the fact that default judgments are not favored in the law. At the same time, however, it is also true that rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity.
Id.
In the case before us, Defendant was served with the summons and complaint on 5 March 2007. Defendant moved for, and received, an extension of time until 4 May 2007 in which to file an answer. Plaintiff filed a Motion and Affidavit for Default on 7 May 2007. From the time Defendant filed his motion for an extension of time on 7 March 2007 until 18 October 2007, when he moved to set aside the entry of default and default judgment, Defendant took no action in this proceeding. As in Howell, Defendant failed to participate in this action for over eight months. Defendant's motion to set aside entry of default fails to state a reason for Defendant's inattention to the process. The trial court's order denying Defendant's motion to set aside the entry of default was therefore not "manifestly unsupported by reason." Williams, 77 N.C. App. at 287, 335 S.E.2d at 194 (internal citation omitted). On these facts, we hold that the trial court did not abuse its discretion in denying Defendant's motion to set aside the entry of default.

B. Entry of Default Judgment by Clerk of Court
Defendant contends that the Clerk of Superior Court was without authority to enter a default judgment against him. We agree. N.C. Gen. Stat. § 1A-1, Rule 55(b)(1) (2009) provides that judgment by default may be entered by the Clerk,
[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if the defendant is not an infant or incompetent person.
N.C.G.S. § 1A-1, Rule 55(b)(1). Our Court has held "that this statute is clearly intended to allow a clerk to enter default judgment against a defendant only if he has never made an appearance." Roland v. W & L Motor Lines, Inc., 32 N.C. App. 288, 291, 231 S.E.2d 685, 688 (1977) (emphasis added).
Defendant's only appearance in this action, prior to the Clerk's entering default judgment, was his 7 March 2007 motion for extension of time. Plaintiff argues that a motion for extension of time is not a sufficient appearance to deprive the Clerk of the authority to enter a default judgment. We disagree. Plaintiff focuses on the 1975 amendment of N.C. Gen. Stat. § 1-75.7, which excluded from the definition of a "general appearance" an appearance solely for the purposes of obtaining an extension of time. In so arguing, Plaintiff overlooks our case law and conflates the meaning of "general appearance" as used in N.C.G.S. § 1-75.7 and that of "appearance" as used in N.C.G.S. § 1A-1, Rule 55(b).
In Williams v. Jennette, 77 N.C. App. 283, 335 S.E.2d 191 (1985), our Court concluded that a motion for an extension of time is an appearance for the purpose of N.C.G.S. § 1A-1, Rule 55(b). Quoting Roland, our court noted that "there may be an appearance whenever a defendant `takes, seeks or agrees to some step in the proceedings that is beneficial to himself or detrimental to the plaintiff.'" Williams, 77 N.C. App. at 289, 335 S.E.2d at 195, quoting Roland, 32 N.C. App. at 289, 231 S.E.2d at 687. Regarding the very argument Plaintiff now makes, our Court wrote:
We note that in 1975, N.C. Gen. Stat. Sec. 1-75.7 was amended to exclude from "general appearance" the grant of an extension of time within which to answer. This amendment simply allows a party to move for an extension of time without waiving the defenses of lack of personal jurisdiction or service of process. It is not applicable to the meaning of "appearance" in Rule 55(b)(1), except perhaps by way of contrast: since Rule 55 was not similarly amended in 1975, it is still possible to "appear" within Rule 55 by moving for an extension of time.
Williams, 77 N.C. App. at 289-90, 335 S.E.2d at 195-96 n.2; see also Howard, Stallings, From & Hutson, P.A. v. Douglas, 143 N.C. App. 122, 545 S.E.2d 470, rev'd on other grounds by 354 N.C. 346, 553 S.E.2d 680 (2001). Thus, it is clear that, while a motion for an extension of time is not a "general appearance" for the purposes of N.C.G.S. § 1-75.7, such a motion is an appearance for the purposes of N.C.G.S. § 1A-1, Rule 55(b).
In the present case, Defendant timely filed a motion for extension of time and then failed to take any other action. In light of Williams, we hold that Defendant appeared for the purposes of N.C.G.S. § 1A-1, Rule 55(b) by filing his motion for extension of time. Therefore, the Clerk of Superior Court was without authority to enter a default judgment against Defendant and the judgment so entered was void as a matter of law. See Basnight Const. Co., Inc. v. Peters & White Const. Co., 169 N.C. App. 619, 624, 610 S.E.2d 469, 472 (2005) ("we find that the Clerk lacked authority to enter the default judgment and the judgment was void as a matter of law.").

C. Motion to Set Aside Default Judgment
Defendant argues that the trial court erred by denying his motion to set aside the default judgment in that the clerk was without authority to enter the default judgment. Alternatively, Defendant argues that the trial court erred in entering a new judgment for $11,301.50 when the trial court was without authority to consider matters other than whether the default judgment should be set aside.
"[I]f a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." N.C. Gen. Stat. 1A-1, Rule 55(d) (2010). N.C. Gen. Stat. § 1A-1, Rule 60(b) (2010) provides in pertinent part:
On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
(1) Mistake, inadvertence, surprise, or excusable neglect;
. . .
(4) The judgment is void;
. . .
(6) Any other reason justifying relief from the operation of the judgment.
N.C.G.S. § 1A-1, Rule 60(b). The decision on a motion to set aside a default judgment is in the discretion of the trial court. Basnight Const., v. Peters & White Const., 169 N.C. App. 619, 621, 610 S.E.2d 469, 470 (2005) (citation omitted).
In reviewing the record and the trial court's order of 12 December 2008, the trial court's order clearly disposed of Defendant's motion to set aside entry of default when the trial court determined that "Defendant's Motion to Set Aside the entry of Default is denied[.]" Though we have determined that the default judgment entered by the clerk was void, we are unable to determine what action the trial court actually took in this matter as to Defendant's motion to set aside the default judgment. The order entered by the trial court does not, in fact, address Defendant's motion to set aside the default judgment at all. After denying Defendant's motion to set aside entry of default, the trial court ordered that: "Plaintiff is entitled to a Judgment against. . . Defendant in the amount of $11,301.50 together with cost[s] and interest from May 10, 2007." From the language of the order, it is unclear whether the trial court (1) granted Defendant's motion to set aside the default judgment and then entered a new judgment on its own accord; (2) denied Defendant's motion and modified the prior order; or (3) denied Defendant's motion and entered a new judgment in addition to the prior judgment.
Our Courts have held that a trial court must leave a sufficiently clear record of its actions for appellate review. See Coble v. Coble, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980) (holding that a trial court sitting as a jury must make an appropriate chain of findings, conclusions, and judgments in order to allow "[e]ffective appellate review"). Because we are unable to determine the action of the trial court as to Defendant's motion to set aside the default judgment, we remand for the trial court to specifically rule on Defendant's motion to set aside default judgment or to amend its order to clearly state its action taken as to the default judgment.
Dismissed in part, remanded in part.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).