**SISK v. SISK**

[221 N.C. App. 631 (2012)]

KATHY LYNN SISK, Plaintiff v. GLENN L. SISK, SR., Defendant

No. COA11-1320

(Filed 17 July 2012)

**1. Jurisdiction—subject matter—motion for new trial—judge did not preside over original trial**

The trial court erred in an equitable distribution case by entering an order for a new trial. The trial judge was without jurisdiction to hear plaintiff's Rule 59 motion for a new trial where that judge did not preside over the original trial.

**2. Divorce—equitable distribution—motion for new trial—no grounds**

The trial court erred in an equitable distribution case by entering an order for a new trial. Plaintiff was not entitled to a new trial pursuant to N.C.G.S. § 1A-1, Rule 59 as the conduct of the trial judge and counsel for defendant did not constitute grounds for a new trial.         .

Appeal by defendant from an order directing a new trial entered 2 March 2011 by Judge Larry J. Wilson in Lincoln County District Court. Heard in the Court of Appeals 22 March 2012.

*Crowe & Davis, P.A., by H. Kent Crowe, for plaintiff-appellee.*

*James, McElroy & Diehl, P.A., by Preston O. Odom, III, and The Jonas Law Firm, P.L.L.C., by Johnathan L. Rhyne, Jr., for defendant-appellant.*

STEELMAN, Judge.

A judge who did not preside at trial had no jurisdiction to rule on a Rule 59 motion for new trial. We consider the motion for a new trial *de novo* on appeal, and hold it to be without merit.

## I. Factual and Procedural Background

Kathy Lynn Sisk (plaintiff) and Glenn L. Sisk (defendant) were once married, but are now divorced. On 17 January 2006, plaintiff filed a complaint, which asserted several claims for relief, including a claim for equitable distribution of marital property. On 26 January 2006, defendant filed an answer and counterclaim, which also sought equitable distribution of marital property. These claims were tried before Judge K. Dean Black in June and July of 2008.

**SISK v. SISK**

[221 N.C. App. 631 (2012)]

On 9 April 2009, Judge Black met with both parties' counsel at the Court Street Grille to discuss the case. Subsequently, counsel for defendant submitted to the court an additional memorandum of law and a proposed judgment of equitable distribution. Copies of these documents were sent to plaintiff's counsel, who objected to them. At a hearing on 2 June 2009, Judge Black indicated that he had not reviewed the proposed judgment and invited plaintiff's counsel to submit additional law contrary to that submitted by defendant. On 5 June 2009, counsel for plaintiff made such a submission. At a conference with the parties and counsel on 1 July 2009, the court advised that it was working on a judgment, and that it had considered the proposed judgment and other submissions of the parties.

On 13 July 2010, nearly two years after trial, Judge Black entered a written Equitable Distribution Judgment. On 22 July 2010, plaintiff filed a motion for a new trial pursuant to Rule 59 of the Rules of Civil Procedure. This motion alleged that Judge Black acted improperly in using the proposed judgment submitted by counsel for defendant. On 5 August 2010, plaintiff filed a motion pursuant to Rule 62 of the Rules of Civil Procedure seeking a stay of Judge Black's judgment of 13 July 2010.

These motions came on for hearing before Judge Larry J. Wilson at the 18 August 2010 session of District Court. Judge Wilson declined to hear the motions and ordered that they be scheduled for hearing before Judge Black. Judge Wilson found that no motion had been made for Judge Black to be recused from hearing the case. On 13 September 2010, plaintiff filed a motion to recuse Judge Black, asserting that there were "reasonable questions as to Judge Black's partiality and bias against the Plaintiff." On 10 November 2010, Judge Black filed an order that recused him from hearing further matters in the case. The order contained no explanation for the recusal, and it continued the case to be scheduled for hearing before Judge Wilson.

On 3 March 2011, Judge Wilson filed an order setting aside the Judgment of Equitable Distribution dated 13 July 2010 and granting a new trial.

Defendant appeals.

## II.   Jurisdiction of Judge Wilson to Order a New Trial

[1] Defendant contends that Judge Wilson had no jurisdiction to enter an order granting a new trial. We agree.

**SISK v. SISK**

[221 N.C. App. 631 (2012)]

## A. Standard of Review

"Whether a trial court has subject-matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citation omitted).

## B. Analysis

In *Gemini Drilling & Found., LLC v. Nat'l Fire Ins. Co.*, 192 N.C. App. 376, 665 S.E.2d 505 (2008), we held that a judge who did not try a case may not rule upon a motion for a new trial. *Id.* at 388–90, 665 S.E.2d at 513–14 (citing *Hoots v. Callaway*, 282 N.C. 477, 193 S.E.2d 709 (1973) and *Graves v. Walston*, 302 N.C. 332, 275 S.E.2d 485 (1981)). Judge Wilson was without jurisdiction to hear plaintiff's Rule 59 motion for a new trial. The order filed on 3 March 2011 granting a new trial is hereby vacated.

## III. Plaintiff's Motion for a New Trial

**[2]** In his second argument on appeal, defendant contends that plaintiff is not entitled to a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59. We agree.

## A. Standard of Review

"[I]t is not appropriate for a superior court judge who did not try a case to rule upon a motion for a new trial, and in that situation, an appellate court should conduct the review of errors to determine if the party is entitled to a new trial." *Gemini*, 192 N.C. App. at 390, 665 S.E.2d at 514.

## B. Analysis

Plaintiff's motion for a new trial recites that it is made pursuant to Rule 59(a)(1) (irregularity by which a party was prevented from having a fair trial); 59(a)(2) (misconduct of the prevailing party); 59(a)(3) (surprise which ordinary prudence could not have guarded against); and 59(a)(9) (other reason heretofore recognized as grounds for a new trial). Plaintiff's factual allegations supporting the motion are that defendant's counsel submitted an additional memorandum of law and proposed judgment to the court on 14 April 2009; that at a status conference on 2 June 2009, Judge Black stated that he had not considered defendant's proposed judgment; that at a hearing on 1 July 2009, Judge Black acknowledged that, in preparing a judgment, he was working from both a pretrial affidavit and defendant's proposed judgment; that the judgment entered by Judge Black on 13 July 2010 was based upon defendant's proposed judgment; that the

use of defendant's proposed judgment by Judge Black constituted grounds for a new trial pursuant to Rule 59(a)(1), (2), (3), and (9); and that an additional basis for new trial was the submission by defendant's counsel of a memorandum of law containing law not submitted at trial.

We have carefully reviewed plaintiff's motion for a new trial, the transcripts of the hearings, and each of the documents referenced therein. We hold that plaintiff's motion is based primarily upon the lifting of selected portions from the transcript, out of context, and upon innuendo. Plaintiff asserts that it was improper for counsel for defendant to submit to the court a proposed judgment and memorandum of authority on 14 April 2009. Yet the record discloses that copies of these documents were sent to plaintiff's counsel at the same time that they were sent to the court. On 15 April 2009, counsel for plaintiff responded to defendant's 14 April 2009 submission as follows:

> In our recent meeting, you asked Mr. Warren and me to point to any testimony given in court or any cases presented at trial with regard to classification of marital and separate property. It was my understanding you did not invite the parties to provide any additional Memorandum of Law not presented in court at the trial last July, nor did you invite the parties to provide further argument beyond what was presented at trial. Furthermore, at no time did you request either party to present a court order for signature.

We further note that the transcript of the hearing on 2 June 2009 reveals that defendant's counsel was not present during the hearing because he was on military reserve duty. Yet despite the absence of defendant's counsel, plaintiff's counsel insisted upon discussing the case with the court. Judge Black stated that he had not reviewed or considered the proposed judgment submitted by defendant. He also made it abundantly clear that if plaintiff had any law that contradicted defendant's submission, "that's what I want you to hit me with." At the hearing on 1 July 2009, Judge Black outlined the basic structure of his ruling. Defendant's counsel was instructed to modify the draft judgment to comport with his rulings, and then to forward it to plaintiff's counsel for his review.

We will now discuss each of plaintiff's grounds for a new trial under Rule 59.

### 1. Rule 59(a)(1): Irregularity Preventing a Fair Trial

"New trials are not awarded because of technical errors. The error must be prejudicial." *Dixon v. Weaver*, 41 N.C. App. 524, 528, 255 S.E.2d 322, 325 (1979). "[T]he party asserting the error must demonstrate that he has been prejudiced thereby." *Robinson v. Seaboard Sys. R.R.*, 87 N.C. App. 512, 528, 361 S.E.2d 909, 919 (1987).

The irregularity alleged by plaintiff is that of Judge Black "viewing, using and adopting the uninvited Order" submitted by defendant's counsel. We hold that this did not constitute an irregularity. The proposed judgment was submitted nearly a year after trial, and after a conference where Judge Black asked counsel for additional support on the crucial question in the equitable distribution proceeding: whether certain property was marital or separate property. The communication was not *ex parte*, as copies were sent to counsel for plaintiff. The cover letter from defendant's counsel stated: "In our meeting on Thursday, April 9, one of the things you asked us to do was to present cases on the issue of whether putting personal property in joint names made it marital for the purposes of equitable distribution." The submissions by defendant's counsel were responsive to that request. Plaintiff's assertion that defendant's counsel acted wrongfully by submitting cases not considered at trial, which occurred nearly a year earlier, is disingenuous.

We further note that while Judge Black stated that he had not reviewed defendant's proposed judgment at the 2 June 2009 *ex parte* hearing, it was clear by the 1 July 2009 hearing that he was using the proposed judgment as a starting point. It is also clear that Judge Black made his own independent determinations of the relevant legal issues, and he directed that the proposed judgment be so modified. The final order was entered over a year after the 1 July 2009 hearing. At the 2 June 2009 hearing, it was made clear to the plaintiff that she was invited to rebut the submissions by defendant. This was in fact done by a submission to the court on 5 June 2009.

We further hold that plaintiff has failed to demonstrate prejudice under Rule 59(a)(1). Plaintiff states in her brief to the Court that she was "left to question" whether prejudice occurred. This allegation is not sufficient to demonstrate prejudice. Plaintiff makes no argument, either in her motion for a new trial or her brief to this Court, as to how this alleged irregularity affected the equitable distribution judgment of Judge Black. "It is not the duty of this Court to peruse through the record, constructing an argument for appellant." *Pers.*

*Earth Movers, Inc., v. Thomas*, 182 N.C. App. 329, 333, 641 S.E.2d 751, 754 (2007).

This argument is without merit.

### 2. Rule 59(a)(2): Misconduct by the Prevailing Party

Since the proceedings at issue were non-jury, the only ground applicable to this case under Rule 59(a)(2) is alleged misconduct by a party. Plaintiff contends that the submissions of defendant's counsel on 14 April 2009 constituted misconduct. As noted above, this submission was responsive to the court's request, and was not an *ex parte* communication. Further, as noted above, plaintiff has failed to demonstrate prejudice.

This argument is without merit.

### 3. Rule 59(a)(3): Surprise

We fail to see how plaintiff could possibly have been surprised by a submission dated 14 April 2009, to which she responded in detail on 15 April 2009 and 5 June 2009. Further, the court conducted several hearings after the submission and prior to the entry of the judgment on 13 July 2010.

This argument is without merit.

### 4. Rule 59(a)(9): Other Reason

Rule 59(a)(9) provides that a new trial may be granted for "[a]ny other reason heretofore recognized as grounds for new trial." N.C. Gen. Stat. § 1A-1, Rule 59(a)(9). Plaintiff's motion for a new trial references the submission of the "uninvited Order" as being "good reason and cause for granting to the Plaintiff a new trial on the issues of Post Separation Support, Alimony, and Equitable Distribution, within the meaning of Rule 59(a)(9) of the Rules of Civil Procedure." Plaintiff's brief makes no reference to Rule 59(a)(9) and makes no argument as to why that rule would be applicable to this case.

Based upon our discussion of the other subparts of Rule 59, we hold any argument made by plaintiff under Rule 59(a)(9) to be without merit.

### IV. Conclusion

Judge Wilson was without jurisdiction to enter an order on plaintiff's motion for new trial. We have held that the conduct of Judge Black and counsel for defendant did not constitute grounds for a new

**IN RE V.A.**

[221 N.C. App. 637 (2012)]

trial under Rule 59. This does not mean that Judge Black is totally blameless in this matter. The trial was held in June and July of 2008, and the judgment was not filed until 13 July 2010. This delay clearly contributed to the germination of the issues raised by this appeal. The record reveals that Judge Black was assigned to hold court in another county shortly after trial in this matter was conducted. However, this is not an uncommon problem in multi-county judicial districts. It cannot excuse a two-year delay in the entry of the judgment in this case. Our State Constitution provides that "right and justice shall be administered without favor, denial, or delay." N.C. Const. art. I, § 18.

ORDER VACATED.

MOTION FOR NEW TRIAL DENIED.

Judges ELMORE and STROUD concur.