IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-316

Filed: 7 January 2020

Guilford County, No. 17 CvS 4421

AKSHAR DISTRIBUTION COMPANY, d/b/a THE GREENSBORO DISCOUNTS, Plaintiff,

v.

SMOKY'S MART INC., and UMESH RAMANI, Defendants.

Appeal by Defendants from orders entered 21 March 2018 by Judge Patrice A. Hinnant and 3 December 2018 by Judge R. Stuart Albright, both in Guilford County Superior Court. Heard in the Court of Appeals 1 October 2019.

> *Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Matthew B. Tynan, Clint S. Morse, and Kimberly M. Marston, for Plaintiff-Appellee.*
>
> *Hill Evans Jordan & Beatty, PLLC, by R. Thompson Wright, for Defendants-Appellants.*

COLLINS, Judge.

Defendants Smoky's Mart Inc. and Umesh Ramani appeal from the trial court's (1) 21 March 2018 order granting Plaintiff Akshar Distribution Company's motion for sanctions filed pursuant to N.C. Gen. Stat. § 1A-1, Rule 37, in which the trial court entered default judgment for treble damages against Defendants, and (2) 3 December 2018 order denying Defendants' motion for reconsideration or a new hearing regarding Plaintiff's motion for sanctions filed pursuant to N.C. Gen. Stat. § 1A-1,

Rules 54 and 59. Defendants contend that the trial court (1) erred by entering default judgment against Defendants for treble damages in the 21 March 2018 order and (2) abused its discretion by denying Defendants' N.C. Gen. Stat. § 1A-1, Rule 59[1] motion in the 3 December 2018 order. We dismiss Defendants' appeal from the 21 March 2018 order, vacate the trial court's 3 December 2018 order, and deny Defendants' Rule 59 motion.

## I.    Background

Plaintiff Akshar Distribution Company is a wholesale distributor for convenience stores. At the time relevant to Plaintiff's allegations, Defendant Umesh Ramani was a minority shareholder of Plaintiff.

According to the first amended complaint, Ramani also owns Defendant Smoky's Mart Inc. ("Smoky's," or collectively with Ramani, "Defendants"), which operates a convenience store in Greensboro. Smoky's purchased inventory from Plaintiff at various times between December 2014 and January 2017. Although Plaintiff invoiced Smoky's for the merchandise, Smoky's never paid the invoices, which totaled $30,040.09.

---

[1] Because Defendants characterize their motion for reconsideration or a new hearing as a "Rule 59 motion" in their briefs on appeal and Defendants do not make any arguments based upon N.C. Gen. Stat. § 1A-1, Rule 54 ("Rule 54") in their briefs, Defendants have abandoned any argument that the trial court erred by denying their purported Rule 54 motion, and we analyze Defendants' motion under N.C. Gen. Stat. § 1A-1, Rule 59 ("Rule 59") alone. N.C. R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned.").

On 28 March 2017, Plaintiff filed a complaint against Smoky's in connection with the unpaid invoices. On 28 April 2017, Plaintiff filed its first amended complaint, adding allegations that Ramani had misappropriated Plaintiff's funds for his and Smoky's use in the collective amount of $125,981.55 between March 2014 and April 2016. Plaintiff's first amended complaint brought the following causes of action: (1) action for the price of goods purchased pursuant to N.C. Gen. Stat. § 25-2-709(1)(a), against Smoky's; (2) breach of contract, against Smoky's; (3) unjust enrichment, against Smoky's; (4) conversion, against Defendants; (5) breach of fiduciary duty, against Ramani; (6) unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1, against Defendants; and (7) action to impose a constructive trust, against Ramani.

Defendants answered the first amended complaint on 6 July 2017. In their answer, Defendants (1) admitted that Smoky's owed Plaintiff for the unpaid invoices, (2) denied that Ramani had misappropriated Plaintiff's funds, and (3) raised a number of affirmative defenses.

On 31 July 2017, the trial court entered an order scheduling discovery, pursuant to the consent of the parties. The parties exchanged discovery over the following months. On 18 December 2017, Plaintiff filed a motion to compel discovery pursuant to N.C. Gen. Stat. § 1A-1, Rule 37 ("Rule 37"), arguing that Defendants had insufficiently responded to Plaintiff's discovery requests. On 16 January 2018, the

trial court entered a consent order compelling Defendants to respond to Plaintiff's requests.

Plaintiff filed a motion for sanctions pursuant to Rule 37 on 12 February 2018, alleging that Defendants had continued to fail to comply with the trial court's orders governing discovery. Plaintiff's motion for sanctions came on for hearing on 8 March 2018. Defendants did not attend the hearing.

On 21 March 2018, the trial court entered an order granting Plaintiff's motion for sanctions. In the 21 March 2018 order, the trial court: (1) found that Defendants had unjustifiably failed to comply with its orders governing discovery; (2) concluded that Defendants were in contempt of its orders governing discovery; (3) "conclude[d] that sanctions less severe than striking Defendants' answer and entering partial summary judgment for Plaintiff[] would not be adequate given the seriousness of [Defendants'] misconduct"; (4) struck Defendants' answer; (5) entered default judgment for Plaintiff on all claims brought in the first amended complaint, notably including Plaintiff's claim for unfair and deceptive trade practices, and therefore trebled its damage awards pursuant to N.C. Gen. Stat. § 75-16 to total $90,147.27 from Defendants jointly and severally (for the unpaid invoices) and $377,944.65 from Ramani (for the allegedly misappropriated funds); and (6) ordered Defendants to pay Plaintiff's expenses in connection with preparing, filing, and arguing the motion for sanctions. Noting that it had also granted Plaintiff's motion to file a second amended

complaint the same day adding other defendants and causes of action to the lawsuit, the trial court also certified the default judgment as a final judgment pursuant to Rule 54(b).

On 3 April 2018, Defendants filed a motion for reconsideration or a new hearing pursuant to Rules 54 and 59. In their Rule 59 motion,[2] Defendants moved the trial court to set aside its 21 March 2018 order granting Plaintiff's motion for sanctions because (1) Defendants did not have certain documents the trial court had ordered they produce to Plaintiff until 2 April 2018 and (2) Defendants' counsel missed the 8 March 2018 hearing on Plaintiff's motion for sanctions due to a calendaring mistake. Defendants attached affidavits to the motion providing supporting factual details regarding the bases for their Rule 59 motion. Defendants' motion came on for hearing on 3 December 2018. On that date, the trial court denied Defendants' Rule 59 motion.

Defendants noticed appeal from both the 21 March 2018 and 3 December 2018 orders on 2 January 2019.

## II.    Appellate Jurisdiction

Plaintiff argues that because Defendants did not notice their appeal from the 21 March 2018 order until 2 January 2019, Defendants failed to timely notice appeal from that order, and we accordingly lack jurisdiction to consider Defendants'

---

[2] As noted above, we analyze Defendants' 3 April 2018 motion under Rule 59 alone. *See supra* note 1.

arguments regarding that order. Defendants counter that their 3 April 2018 Rule 59 motion was timely filed within 10 days following the entry of the 21 March 2018 order, and that Defendants' period to appeal from that order was accordingly tolled pursuant to North Carolina Rule of Appellate Procedure 3 ("Appellate Rule 3") until after the entry of an order disposing of the motion. Because they appealed from the 21 March 2018 order on 2 January 2019—within 30 days following the 3 December 2018 entry of the order denying their Rule 59 motion—Defendants argue that their notice of appeal from the 21 March 2018 order was timely.

Appellate Rule 3 says that "if a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the thirty-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion[.]" N.C. R. App. P. 3(c)(3) (2018). But merely invoking Rule 59 within the motion is not sufficient to toll the period for taking appeal from an order under Appellate Rule 3. This Court has said:

> To qualify as a Rule 59 motion within the meaning of Rule 3 of the Rules of Appellate Procedure, the motion must "state the grounds therefor" and the grounds stated must be among those listed in Rule 59(a). The mere recitation of the rule number relied upon by the movant is not a statement of the grounds within the meaning of [N.C. Gen. Stat. § 1A-1,] Rule 7(b)(1). The motion, to satisfy the requirements of Rule 7(b)(1), must supply information revealing the basis of the motion.

*Smith v. Johnson*, 125 N.C. App. 603, 606, 481 S.E.2d 415, 417 (1997) (internal

citations omitted). This Court has also said:

> In analyzing the sufficiency of a motion made pursuant to
> N.C. Gen. Stat. § 1A-1, Rule 59, one should keep in mind
> that a failure to give the number of the rule under which a
> motion is made is not necessarily fatal, if the grounds for
> the motion and the relief sought is consistent with the
> Rules of Civil Procedure. As long as the face of the motion
> reveals, and the Clerk and the parties clearly understand,
> the relief sought and the grounds asserted and as long as
> an opponent is not prejudiced, a motion complies with the
> requirements of N.C. Gen. Stat. § 1A-1, Rule 7(b)(1).

*Batlle v. Sabates*, 198 N.C. App. 407, 413, 681 S.E.2d 788, 793-94 (2009) (internal

quotation marks, brackets, and citations omitted). The essence of the inquiry, then,

is "to ascertain whether [the movant] stated a valid basis for seeking to obtain relief

pursuant to N.C. Gen. Stat. § 1A-1, Rule 59." *Id.* at 414, 681 S.E.2d at 794. The

parties disagree over whether Defendants' Rule 59 motion stated a valid basis

thereunder.

Generally, Rule 59 is applicable only where there has been a trial. *See Ennis*

*v. Munn*, No. COA12-1349, 2013 N.C. App. LEXIS 977, at *11 (unpublished) (N.C. Ct.

App. Sept. 17, 2013) (noting that this Court has reasoned that "Rule 59 applies only

to judgments resulting from trials"). There has been no trial in this case. But some

decisions from this Court have stated in dicta that Rule 59 may be a viable avenue to

attack non-trial judgments, including default judgments entered as Rule 37

sanctions. *See Smith*, 125 N.C. App. at 606, 481 S.E.2d at 417 ("[T]he defendants

indicate in the[ir purported Rule 59] motion that they rely on Rule 59(a)(2) & (7) as the bases of their motion. . . .  It appears that the motion is merely a request that the trial court reconsider its earlier decision granting the sanction and *although this may properly be treated as a Rule 59(e) motion*, it cannot be used as a means to reargue matters already argued or to put forth arguments which were not made but could have been made." (internal citation omitted)); *Batlle*, 198 N.C. App. at 413 n.1, 681 S.E.2d at 793 n.1 (noting that *Smith* "appears to assume that relief under N.C. Gen. Stat. § 1A-1, Rule 59, is, at least in theory, available to individuals who have been sanctioned for discovery violations").  Accordingly, we will assume that Defendants' motion is a technically-proper Rule 59 motion for purposes of our analysis.

As mentioned above, the gravamen of Defendants' Rule 59 motion is that (1) Defendants did not have certain bank records the trial court had ordered they produce to Plaintiff until 2 April 2018 and (2) Defendants' counsel missed the 8 March 2018 hearing on Plaintiff's motion for sanctions due to a calendaring mistake. Defendants supported their Rule 59 motion with affidavits providing relevant supporting factual details.  Defendants did not specify the Rule 59(a) subsections upon which their motion is based within the text of the motion, but the *Batlle* Court said that this deficiency is not dispositive of the inquiry so long as the grounds asserted are clear and Plaintiff was not prejudiced thereby.  *Id.*

Defendants argued in their motion that the lack of documents and the calendaring mistake comprise "circumstances [which] constitute mistake, inadvertence, surprise and excusable neglect, and constitute an irregularity by which defendants Smoky's and Ramani were prevented from having a fair hearing on the Motion for Sanctions[.]" While it also speaks in terms not found within Rule 59—and instead closely tracks language from N.C. Gen. Stat. § 1A-1, Rule 60 (contemplating relief from final judgment based upon "[m]istake, inadvertence, surprise, or excusable neglect")—Defendants' motion tracks the language of Rule 59(a)(1) (contemplating new trial based upon "[a]ny irregularity by which any party was prevented from having a fair trial") and speaks in terms resonant with Rule 59(a)(3) (contemplating new trial based upon "[a]ccident or surprise which ordinary prudence could not have guarded against"). Because Defendants' motion speaks in language tracking text found within Rule 59(a)(1) and (3), and the grounds asserted in the motion are supported by relevant factual details contained within the affidavits, we conclude that Defendants' motion was sufficiently clear to put Plaintiff on notice of the bases for the motion, and that Plaintiff accordingly was not prejudiced thereby.

Having determined that Defendant's motion was technically proper and sufficiently revealed the bases for the motion, the question remains whether the motion stated valid Rule 59 bases for relief. A Rule 59 motion does not have to be meritorious in order to fall within Appellate Rule 3's ambit, but rather must only

state a "potentially valid basis for an award of relief." *Batlle*, 198 N.C. App. at 418 n.4, 681 S.E.2d at 796 n.4 ("The fact that Plaintiff alleged a valid ground for relief from the . . . order in her . . . motion does not, of course, mean that her argument is substantively valid. At this stage, our inquiry is limited to the issue of whether Plaintiff has adequately stated a potentially valid basis for an award of relief. The extent to which Plaintiff is actually entitled to relief on the basis of this claim or is subject to sanctions for advancing it are entirely different issues . . . ."). For the same reasons we conclude that Defendants sufficiently revealed the bases for their motion, we conclude that Defendants stated potentially-valid bases for an award of relief from the trial court's discovery sanction within the meaning of Rule 59.

In sum, although it could have been more artfully drafted, we conclude that Defendants timely made a Rule 59 motion within the meaning of Appellate Rule 3. Accordingly, Defendants' period to notice appeal from the 21 March 2018 order was tolled by Appellate Rule 3(c)(3) until at least 30 days following the 3 December 2018 entry of the order denying Defendants' Rule 59 motion. Because Defendants noticed their appeal from the 21 March 2018 and 3 December 2018 orders within 30 days of entry of the 3 December 2018 order, Defendants' appeals from both orders were timely under Appellate Rule 3, and we have jurisdiction to consider both appeals.

### III. Discussion

Defendants contend that the trial court (1) erred by entering default judgment against Defendants for treble damages in the 21 March 2018 order on Plaintiff's motion for sanctions and (2) abused its discretion by denying Defendants' Rule 59 motion for reconsideration or a new hearing in the 3 December 2018 order. We address the two orders in turn.

### a. Plaintiff's Motion for Sanctions

Under Rule 37, a trial court may sanction a party's failure to comply with its order to provide or permit discovery in a number of enumerated ways, including by entering "[a]n order striking out pleadings or parts thereof, or . . . rendering a judgment by default against the disobedient party[.]" N.C. Gen. Stat. § 1A-1, Rule 37(b)(2)(c) (2018).

Defendants argue that the trial court erred in its 21 March 2018 order by entering default judgment against them because the first amended complaint fails to state a claim for unfair and deceptive trade practices within the meaning of N.C. Gen. Stat. § 75-1.1, and liability under Section 75-1.1 was the statutory predicate for the treble-damage awards the trial court entered pursuant to N.C. Gen. Stat. § 75-16. However, Defendants did not move the trial court to set aside the default judgment pursuant to N.C. Gen. Stat. § 1A-1, Rules 55(d) or 60(b). This Court has said that the failure to attack a default judgment at the trial court precludes an attack on the

default judgment on appeal. *Golmon v. Latham*, 183 N.C. App. 150, 151-52, 643 S.E.2d 625, 626 (2007); *see Collins v. N.C. State Highway & Pub. Works Comm'n*, 237 N.C. 277, 284, 74 S.E.2d 709, 715 (1953) ("To set aside a judgment for irregularity it is necessary to make a motion in the cause before the court which rendered the judgment, with notice to the other party; the objection cannot be made by appeal, or an independent action, or by collateral attack." (quotation marks and citation omitted)). As the *Golmon* Court said: "Defendants should have first filed a motion pursuant to N.C.R. Civ. P. 55(d) or 60(b). They would then have been able to appeal to this Court from any denial of that motion. Because defendants failed to follow this procedure, we are precluded from reviewing the issues they raise." *Golmon*, 183 N.C. App. at 152, 643 S.E.2d at 626.

Defendants did seek to have the 21 March 2018 order—including the default judgment entered therein—set aside in its entirety in their Rule 59 motion. And as discussed above in Section II, there is some authority that a litigant may seek relief from Rule 37 sanctions via Rule 59. *See Smith*, 125 N.C. App. at 606, 481 S.E.2d at 417. However, Defendants' Rule 59 motion raised factual circumstances as the bases for the relief sought, and Defendants did not argue in that motion (or elsewhere below) that the default judgment should be set aside because the first amended complaint fails to state a claim under N.C. Gen. Stat. § 75-1.1. Defendants' argument is therefore made for the first time on appeal, which our Appellate Rules expressly

prohibit. N.C. R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion."); *Grier v. Guy*, 224 N.C. App. 256, 260-62, 741 S.E.2d 338, 342-43 (2012) (dismissing argument on appeal that default judgment should be set aside because complaint failed to state a claim because the argument was not made to the trial court).

Because Defendants did not attack the default judgment at the trial court on the basis that the first amended complaint failed to state a claim under N.C. Gen. Stat. § 75-1.1, they are precluded from making that argument on appeal.

### b. *Defendants' Motion for Reconsideration or a New Hearing*

Defendants also argue that the trial court abused its discretion by denying their Rule 59 motion in its 3 December 2018 order.

In this case, the parties acknowledge that Judge Hinnant—who entered the 21 March 2018 order whose reconsideration Defendants sought in their 3 April 2018 Rule 59 motion—retired from the bench before the Rule 59 motion came on for hearing on 3 December 2018. Plaintiff argues, despite the fact that Defendants filed their Rule 59 motion in April 2018, that Judge Hinnant's subsequent retirement rendered Defendants' Rule 59 motion unreviewable, and that Judge Albright—who

- 13 -

entered the 3 December 2018 order denying Defendants' Rule 59 motion—properly denied that motion accordingly.

This Court has held that a trial judge who did not preside at trial lacks jurisdiction to rule on a Rule 59 motion for a new trial. *Sisk v. Sisk*, 221 N.C. App. 631, 636-37, 729 S.E.2d 68, 72-73 (2012), *disc. review denied*, 366 N.C. 571, 738 S.E.2d 368 (2013). The same rationale—that "[o]ne superior court judge may not overrule another[,]" *Able Outdoor, Inc. v. Harrelson*, 341 N.C. 167, 169, 459 S.E.2d 626, 627 (1995)—applies here. Judge Albright therefore should have dismissed Defendants' Rule 59 motion, and erred by denying it. *See Quevedo-Woolf v. Overholser*, 820 S.E.2d 817, 840 (N.C. Ct. App. 2018) (vacating order: "Because Judge Randolph lacked subject matter jurisdiction to hear Plaintiff's Rule 59 motion, the Randolph Order is void."), *disc. review denied*, 372 N.C. 359, 828 S.E.2d 164 (2019); *In re J.T.*, 363 N.C. 1, 3, 672 S.E.2d 17, 18 (2009) ("[T]he proceedings of a court without jurisdiction of the subject matter are a nullity. When the record clearly shows that subject matter jurisdiction is lacking, the court will take notice and dismiss the action *ex mero motu* in order to avoid exceeding its authority." (quotation marks, brackets, and citations omitted)).

However, where the trial judge who entered the judgment from which a litigant seeks relief pursuant to Rule 59 leaves the bench, thereby rendering the judgment unreviewable by another trial judge, our Supreme Court has said that "justice

requires that [the] defendant be afforded an opportunity to have considered on appeal any asserted errors of law which he contends entitles him to a new trial." *Hoots v. Calaway*, 282 N.C. 477, 490, 193 S.E.2d 709, 717 (1973). The task of reviewing Defendants' Rule 59 motion therefore falls upon us. *See Gemini Drilling & Found., LLC v. Nat'l Fire Ins. Co. of Hartford*, 192 N.C. App. 376, 390, 665 S.E.2d 505, 514 (2008) ("[I]t is not appropriate for a superior court judge who did not try a case to rule upon a motion for a new trial, and in that situation, an appellate court should conduct the review of errors to determine if the party is entitled to a new trial."). Because we are not reviewing any decision of a lower court, we necessarily review Defendants' Rule 59 motion *de novo*. *Sisk*, 221 N.C. App. at 631, 729 S.E.2d at 70.

As a threshold matter, as discussed above in Section III(a), Defendants did not argue in their Rule 59 motion that the first amended complaint failed to state a claim under N.C. Gen. Stat. § 75-1.1, so we do not consider this argument, which Defendants impermissibly raise now for the first time on appeal. Defendants made no other assertions of legal error in their Rule 59 motion, which solely asserted factual circumstances as bases for the relief sought.

It is unclear whether the *Hoots* Court, which said that a party must "be afforded an opportunity to have considered on appeal any asserted errors *of law* which he contends entitles him to a new trial[,]" *Hoots*, 282 N.C. at 490, 193 S.E.2d at 717 (emphasis added), also intended that we review asserted Rule 59(a) grounds

premised upon factual circumstances, such as the asserted lack of documents and the calendaring mistake upon which Defendants based their Rule 59 motion. But at least one decision of this Court applying *Hoots* and its progeny appears to have conducted such a review, *see Sisk*, 221 N.C. App. at 635-36, 729 S.E.2d at 71-72 (ruling on Rule 59 motion asserting, *inter alia*, irregularity preventing a fair trial and surprise as grounds for new trial), and our Supreme Court denied review of that decision, 366 N.C. 571, 738 S.E.2d 368. We will therefore review Defendants' fact-based arguments.

A careful review of the record leads us to conclude that Defendants' Rule 59 motion should be denied. The record tends to show the following:

- On 31 July 2017, Defendants consented to an order scheduling discovery in this litigation.

- On 25 August 2017, Plaintiff served Defendants with its discovery requests, including requests for the production of "all bank statements for the periods from January 2015 to December 2016, for any Person on which Ramani has signatory authority, including but not limited to, any of Ramani's personal accounts, and any of Smoky's Mart's accounts[,]" ("Document Request 10") and "[f]or the period January 2013 to present . . . all documents evidencing income received by Ramani" ("Document Request 16").

- On 18 December 2017 and 8 January 2018, Plaintiff moved the trial court to compel Defendants to comply with their discovery requests, specifically noting that Defendants had failed to sufficiently respond to Document Requests 10 and 16.

- On 16 January 2018, Defendants consented to the entry of an order compelling them to supplement their discovery responses, including by producing "all documents in their possession, custody or control responsive to" Document Requests 10 and 16 "[o]n or before January 22, 2018[.]"

- Defendants did not seek to procure the documents whose unavailability they assert as grounds for a new trial—which include bank records that would be responsive to Document Requests 10 and 16—until 5 February 2018.

The result of Defendants' unreasonable delay in seeking to procure and produce the documents requested by Plaintiff and ordered to be produced by the trial court is not an "irregularity by which [Defendants were] prevented from having a fair [hearing]" within the meaning of Rule 59(a)(1), and Defendants cannot claim that their inability to produce the documents is the product of "surprise which ordinary prudence could not have guarded against" within the meaning of Rule 59(a)(3). Rather, Defendants' delay tends to demonstrate inexcusable imprudence in heeding the trial court's orders. We therefore reject Defendants' argument that their inability to produce the bank records entitles them to a new hearing on Plaintiff's motion for sanctions.

Defendants' imprudence also leads us to reject Defendants' argument regarding their counsel's calendaring mistake. Our Supreme Court has upheld the denial of relief sought under N.C. Gen. Stat. § 1A-1, Rule 60 for attorney neglect, saying that "[a]llowing an attorney's negligence to be a basis for providing relief from orders would encourage such negligence and present a temptation for litigants to use the negligence as an excuse to avoid court-imposed rules and deadlines." *Briley v. Farabow*, 348 N.C. 537, 546, 501 S.E.2d 649, 655 (1998). Further, even had Defendants' counsel properly calendared and appeared at the hearing on Plaintiff's

motion for sanctions, the fact that Defendants had consistently failed to meet their obligations under the trial court's orders governing discovery would remain, and sanctioning Defendants would have been the proper outcome. *See Robinson v. Seaboard Sys. R.R., Inc.*, 87 N.C. App. 512, 528, 361 S.E.2d 909, 919 (1987) (a party seeking a new trial "must demonstrate that he has been prejudiced"). We therefore reject Defendants' Rule 59 argument regarding their counsel's calendaring mistake.

## IV.    Conclusion

Because Defendants did not raise below the argument they raise in support of their appeal from the trial court's 21 March 2018 order, we dismiss Defendants' appeal from that order. Because the trial judge who entered the 3 December 2018 order lacked subject-matter jurisdiction to consider Defendants' Rule 59 motion, we vacate that order. Because we do not conclude that Defendants are entitled to a new hearing on Plaintiff's motion for sanctions, we deny Defendants' Rule 59 motion.

DISMISSED IN PART, VACATED IN PART, AND DENIED IN PART.

Chief Judge McGEE and Judge HAMPSON concur.